W. H. RYAN, Trustee, v. B. T. MARTIN and others.

*Corporations—Ejectment—Evidence—Estoppel.*

1. Where a corporation sues, it is necessary for it to prove its charter and organization, if denied. But where one contracts with a corporation or claims title to land under it, the presumption is that, as to such party, there is a corporate existence.

2. A contract with a party, by name implying a corporation, is to be taken as evidence of the existence of the corporation as to the party contracting with it, rather than an estoppel to disprove such fact.

3. A misnomer of a corporate body, when the parties intended the corporation by its proper name, is not material; and it is competent to prove its name by proper evidence.

4. Where, in ejectment, both parties claim under the same person, neither can deny the title of such person; and this, although one of the parties claims under a sheriff's deed.

5. In such case it is not necessary for the plaintiff to show that the defendant has a complete title, but simply that he claims under the common source, even though it be through an unregistered deed or contract of purchase; and the defendant is at liberty to show a better title in himself obtained from other sources.

6. Proof by the sheriff that he had an execution in his hands at the time of sale is competent when the execution is lost.

(*Stanly* v. *Railroad*, 89 N. C., 331; *Institute* v. *Norwood*, Busb. Eq., 55; *Murphy* v. *Barnett*, 2 Mur., 251; *Love* v. *Gates*, *Ib.*, 363; *Gilliam* v. *Bird*, 8 Ired., 280; *Johnson* v. *Watts*, 1 Jones, 228; *Thomas* v. *Kelly*, *Ib.*, 375; *Feimster* v. *McRorie*, *Ib.*, 547; *Miller* v. *Miller*, 89 N. C., 402, *Ives* v. *Sawyer*, 4 Dev. & Bat., 51, cited and approved.)

EJECTMENT, tried at July Special Term, 1884, of GUILFORD Superior Court, before *Graves, J.*

The plaintiff bought the land in dispute at a sheriff's sale under a judgment and execution (obtained in a suit begun by attachment under the law as it existed prior to the C. C. P.) against the Deep River mining company; and with a view to conclude the defendant from denying the title of said company, and to obviate the necessity of showing title out of the state the plaintiff put in evidence the transcript of the record of a suit in Rowan superior court, of B. T. Martin (defendant in this case) against the said company, which showed a judgment in favor of Martin, and the same was docketed in Guilford county and executions issued thereon, and returned.

The plaintiff then proposed to prove by the sheriff that he had a *vend. ex.* from Rowan on this Martin judgment, which was lost, under which he had made sale of the lands sued for, subsequent to the sale of the plaintiff, and that Martin was the purchaser. On objection, the court excluded the proof, but allowed the sheriff to state that he sold the land and Martin became the purchaser, to whom he executed a deed. Defendant excepted.

The plaintiff then proved that the lands levied on were the same that was sold and conveyed to plaintiff, and the same that was described in the complaint and in the deed of the sheriff to Martin.

The plaintiff, on objection, was allowed to prove by what

30

names the said company was called, to-wit, sometimes the "Deep River mining company," and sometimes the "Deep River copper mining company." Defendant excepted upon the ground that parol evidence was not admissible for such a purpose, and also that the existence of such company, under which plaintiff claims, had not been shown by a charter or an organization; and that its existence not being thus proved, it had no capacity to hold and have title to land, and therefore the sheriff's sale and deed to plaintiff conveyed no title, and the deed was void ; and further, that the doctrine of estoppel does not apply in this case, and the plaintiff must show title out of the state to enable him to recover.

His Honor, being of opinion against the defendant, instructed the jury accordingly. Verdict and judgment for plaintiff, and appeal by defendant.

*Messrs. Morehead, Staples* and *Batchelor & Devereux*, for plaintiff.
*Messrs. Scott & Caldwell*, for defendant.

MERRIMON, J. The defendant contended, that it did not appear by any proper evidence that the Deep River mining company had any corporate organization or capacity to hold and have title to land, or other property, and therefore, the deeds put in evidence on the trial were void.

It is true, that it must appear that there was a corporate existence either *de jure*, or *de facto*, at least. And if the corporation itself were suing, it would be necessary for it to prove its charter and an organization in accordance therewith, if these were properly put in issue. But if a person entered into a contract with a body purporting to be a corporation, or claims to hold property purchased and derives title thereto from it, this is *prima facie* evidence againt such person that such corporation was in existence *de facto* at

least, at the time of the contract with or purchase from it, and the presumption arises in such case, that the existence of the corporation continues at the bringing of the action.

Accordingly, it has been held in an action against the maker of a promissory note executed to a corporation as payee, in its corporate name, the production of the note duly endorsed to the plaintiff was sufficient evidence that the corporation was duly organized and competent to transact business. *Williams* v. *Cherry*, 3 Gray, 215, 220. It was said in that case, that " the defendants, by giving their notes to the corporation in their corporate name as payees, admitted their legal existence and capacity to make and enforce the contracts declared on, so far at least, as to render proof on that point unnecessary in the opening of the plaintiff's case."

And in *Jones* v. *Cincinnati Type Foundry Co.*, 14 Ind., 90, it was so held. In that case, the action was brought by a corporation upon a note executed to it in its corporate name; the defendant, in his answer, insisted that the plaintiff had no legal capacity to sue, because it was not a corporation. The court held, however, that the production of the note was sufficient evidence to warrant a judgment for the plaintiff, no other evidence having been offered. In that case, it was said, " As a general proposition, it is the law of this state, (Indiana,) that a contract with a party as a corporation, estops the party so contracting to deny the existence of the corporation at the time it was contracted with as such. * * * * In New York, to work such estoppel, it has been necessary that the contract should state that the party contracted with was a corporation. But this rule does not prevail in other states. It has not been acted upon in this state. If the style by which a party is contracted with is such as is usual in creating corporations, viz: naming an

ideality, but disclosing that of no individual, as is usual in the cases of simple partnerships, it has been treated as *prima facie*, at least, indicating a corporate existence. * * * But in this class of cases it would seem, after all, that the courts have proceeded upon a rule of evidence rather than the strict doctrine of estoppel. They have treated the contract with a party by name implying a corporation, really as evidence of existence of a corporation, more than an estoppel to disprove such fact."

This seems to us a just and reasonable exposition of the rule of law applicable in such cases. It is not to be presumed that a party will contract and deal with a nonentity. It will be presumed to the contrary as to him, that he did not. *Stanly* v. *Railroad*, 89 N. C., 331. Mor. on Pr. Corp., §§ 136, 138.

The objection that the corporation in question was sometimes called the " Deep River mining co.," and likewise, " Deep River copper mining co.," and other like names, is not well founded. A corporate name is essential, but the inadvertent or mistaken use of the name, is ordinarily not material, if the parties really intended the corporation by its proper name. If the name is expressed in the written instrument, so that the real name can be ascertained from it, this is sufficient; but if necessary, other evidence may be produced to establish what corporation was intended. And the same rule applies to devises and bequests to corporations A misnomer of a corporation has the same legal effect as a misnomer of an individual. *Deaf & Dumb Inst.* v. *Norwood*, Bus. Eq., 65; Mor. on Pr. Corp., §§ 181, and cases there cited.

The defendant likewise insisted that, admitting the deep river mining company was the source of title common to the plaintiff and defendant, and was capable of holding and having title to the land in question, the sheriff's deed to the

defendant put in evidence, could not so operate as to estop the latter from denying the title of the company, and thus relieve the plaintiff from the burden of showing title out of the state, because, the evidence offered in respect to such deed was mainly parole, and not the deed itself.

It is a well established rule of law, that when both the plaintiff and defendant claim the property in controversy under the same person, neither of them can deny the right or title of the person under whom they so claim; and as between themselves, the one having the elder has the better title and must prevail. The conclusion thus established between the parties is not strictly and technically an estoppel, but it is in the nature of and has the practical force and effect of an estoppel. This rule of law is founded in justice and convenience, and its purpose is to prevent the necessity on the part of the plaintiff in cases like this, of proving title out of the state, and a good title in the person under whom he claims, when the opposing party claims the same property under the same person. If the defendant has the same source of title as the plaintiff, and no other, wherefore need the plaintiff go beyond that as to the defendant?

Such an inquiry would be idle. It is plain that no injustice in such case could be done the defendant; and if the rule were otherwise, it might and would in many cases put the plaintiff to great inconvenience and much needless expense. This court has recognized and upheld the rule in many cases. *Murphy* v. *Barnett,* 2 Murph., 251; *Ives* v. *Sawyer,* 4 D. & B., 51; *Love* v. *Gates,* Id., 363, *Giltiam* v. *Bird,* 8 Ire., 280; *Johnson* v. *Watts,* 1 Jones, 228; *Thomas* v. *Kelly,* Id., 375; *Feimster* v. *McRorie,* Id., 547.

It is not necessary to show that the defendant has a complete title to the land; if there is no title paramount to it, it is sufficient to show that under a valid contract he claims to hold and has possession of the property under the common source. If the defendant has a bond for title, or other

contract of purchase, or an unregistered deed for the land, and is in possession thereof, this will be sufficient evidence of a claim under the common source. It will be presumed that he claims under such contract. The purpose is to show that he claims the property under the common source—that he admits his relation to it and claims under it, without regard to the sufficiency or perfectness of the title.

In *Gilliam* v. *Bond, supra.*, the defendant claimed by virtue of a sheriff's deed, but it did not appear that he ever took the deed, and it was not put in evidence; but as he claimed by virtue of such purchase and deed, this court held that he was estopped to deny the common source of title.

Nor is the fact that the defendant in this case claims under a sheriff's deed, a valid objection to the application of the rule mentioned above. It was so expressly decided in the like case of *Feimster* v. *McRorie, supra.*

But while the defendant is thus concluded as to the common source of title, he may show a better title in himself obtained from other sources than that of the person under whom he so claims.

The objection to the competency of the evidence of the sheriff in respect to the sale, the fact that he had a *venditioni exponas* in his hands at the time of the sale, it appearing that the *ven. ex.* was lost, cannot be sustained. *Miller* v. *Miller*, 89 N. C., 403, and cases there cited. *Cowles* v. *Hardin, ante* 231.

Nor is the objection to the evidence of the sheriff in respect to the deed of defendant a valid one. The purpose of introducing the deed was not to show title, but that the defendant in possession of the land claimed it under the same party that the plaintiff claimed under.

No error.                          Affirmed.