FIELDING KNOTT et al. v. JOHN R. TAYLOR et al.

*Judgments void and voidable, relief against—Jurisdiction—Parties—Presumption—Injunction.*

1. A judgment rendered against a person then dead—that fact being unknown to the Court or the other parties—is not void, but is irregular and voidable; and on the application of the proper representatives of the deceased, or by any person having acquired interest in the subject-matter of the suit, *after it was begun,* under him, made in apt time, it will be vacated. The remedy in such case must be sought by a motion in the cause, and not by a separate action.

2. As a general rule, only the party against whom an irregular judgment is rendered can complain of it.

3. In an action begun under the former practice, in which the judgment was rendered, since the adoption of the present system; *Held,* that an application, to set aside the judgment as irregular, should be made in the same manner as if the action had been commenced since the adoption of the Code of Civil Procedure.

This was a CIVIL ACTION, tried before *Clark, J,* at January Term, 1886, of the Superior Court of GRANVILLE County.

It appears from the pleadings, the orders and judgments in this action, that in 1852, the defendants Taylor and wife brought their action of ejectment, under the method of procedure then prevailing, against Joseph H. Gooch, in the Su-

perior Court of the County of Granville, to recover the possession of the land described in the pleadings therein. That action, in its course, was removed to the Superior Court of the County of Warren, for trial, and was continued from term to term for many years, and was, at the instance of the plaintiffs therein, transferred, as allowed by the statute, to the Superior Court of the last named County, as established under, and in pursuance of, the present Constitution of this State.

The defendant in that action removed to the State of Texas, and died there on the 24th day of June, 1876. The action, as appears, was never abandoned, but continued from term to term until the Fall Term of 1878, when it was tried " by a jury, and verdict and judgment were rendered for plaintiffs, they having no actual knowledge of Gooch's death." This judgment was " for an undivided ninth part or share of said land." No notice issued to any of the heirs at law or real representatives of said Gooch after his death, nor were they, or any of them, ever made parties to said suit; nor was any notice given to the present plaintiffs, or any of them.

Pending the action named and referred to, the defendant Gooch therein sold the land embraced by it, and put the purchasers in possession thereof, and the plaintiffs in the present action are in possession of about six hundred acres of that land, " holding the same by title acquired through the purchasers from said Joseph H. Gooch."

A writ of possession issued upon the judgment mentioned, commanding the present defendant Sheriff to eject the said Gooch and " any person who, since the commencement of said action, has come into possession of said premises, or any part thereof," and to put the plaintiffs in that action, the present defendants, Taylor and wife, in complete exclusive possession of the whole thereof, although the judgment was in their favor for " one undivided ninth part only of said land," &c., and it is alleged that the present defend-

ant Sheriff is about to execute the said writ, &c. The plaintiffs allege further, that they have placed valuable improvements on the land since they have had possession thereof; that part of them own a grist mill, &c. They ask for relief specially, by injunction, and for general relief.

A Judge, at Chambers, granted a restraining order, and, afterwards, upon notice, an injunction was granted, restraining the Sheriff from executing the writ of possession mentioned, further than to place the other defendants, as owners of an undivided one-ninth of the land, in possession thereof with the plaintiffs.

The defendants, in their answer, deny the alleged irregularities in the action of ejectment mentioned, and insist that the judgment therein in their favor is effectual; they admit that under that judgment they are entitled to only one undivided ninth part of the land, and they only ask to be put in possession, as such owners, with the plaintiffs. They further insist, that the plaintiffs' remedy for the grievances complained of is by motion, or other proper proceeding in the action of ejectment, and not by this separate and independent action.

In an amendment to their answer, the defendants allege that the plaintiffs, and those under whom they c'aim, have been in possession of the lands for fifty years, receiving the rents and profits thereof, that they are entitled to part thereof, &c., and demand an account. They further ask for an order directing partition of the lands, &c.

Afterwards, in the course of the action, the Court allowed the plaintiffs to amend their complaint, so as to allege irregularities in the action of ejectment mentioned, and the judgment therein, in favor of the defendants husband and wife, and also that the latter are not the owners of one undivided ninth part of the land, as adjudged in the action of ejectment; that they, the plaintiffs, are the exclusive owners of the fee therein. They allege facts putting in question the

title of defendants, and title, specifically set forth as to the evidence thereof, in themselves, &c.

The defendants objected, and excepted to the order allowing such amendments to the complaint.

The defendants then denied, in their amended answer, the material allegations of the complaint as amended.

Afterwards, by consent, the Court tried the action as to the law and facts, and gave judgment for the plaintiffs, from which the defendants appealed.

*Mr. John W. Hays,* for the plaintiffs.

*Messrs. J. B. Batchelor* and *Jno. Devereux, Jr.,* for the defendants.

MERRIMON, J., (after stating the case).   We are of opinion that this action should have been dismissed, upon the ground that the remedy of the plaintiffs was by a proper motion in the action of ejectment referred to, in which the judgment complained of was entered.   In that action, notice was given, as we must assume, in the orderly course of procedure in such cases, and Gooch, the defendant therein, appeared and pleaded.   At the time of the trial thereof, there was no suggestion and proper proof of the fact that he had, before that time, died.   The plaintiffs in that action could not make such suggestion, because, as appears, they had no knowledge of the fact of his death.   In the absence of such suggestion, the presumption was, that he was then living.   The Court had obtained jurisdiction of him in the action, and apparently it continued to have it, in all respects, at the time of the trial and the entry of the judgment.   The latter was, therefore, not void.   It was, on such account, irregular and voidable, and might, under the present method of civil procedure, be declared void by the Court, upon a proper application, by motion, in the action.   That might be made by any person having right under, or derived from, the deceased

defendant therein, after the action began. This, as to the party who may make the motion, is allowable, because, the defendant in the action having died before the judgment was entered, he could not make it. and, in such case, no presumption arises, that he assented to and was satisfied with it. Ordinarily, only the defendant, against whom an irregular judgment is given, can complain of it. If he does not, the presumption is, that he is satisfied with it. It is otherwise, where he was dead at the time the judgment was given. *Shelton* v. *Fels*, Phil., 178; *Jacobs* v. *Burgwyn*, 63 N. C., 196; *Burke* v. *Stokely*, 65 N. C., 569; *Hervey* v. *Edmunds*, 68 N. C., 243; *Rollins* v. *Henry*, 78 N. C., 342; *Hinsdale* v. *Hawley*, 89 N. C., 87.

It was not according to the course of the Court, to try an action regularly at issue, and give judgment against a party thereto, of which it had regularly obtained jurisdiction and apparently continued to have the same, which, in fact, it had ceased to have, by reason of that party's death. A judgment thus granted is not simply erroneous, as it certainly is, but it is as well irregular, and may be set aside upon proper application in the action. All irregular judgments are in a sense erroneous, but they may be set aside in a proper case for such irregularity, if application be made within a reasonable period of time. *Lynn* v. *Lowe*, 88 N. C., 478, and numerous cases there cited ; *Williamson* v. *Hartman*, 92 N. C., 236; *Fowler* v. *Poor*, 93 N. C., 466.

It is well settled by many decisions of this Court, that a judgment cannot be attacked collaterally, or by an independent action, for mere irregularity. The remedy in such case is, as we have indicated above, by motion in the action in which the irregularity complained of appears.

The plaintiffs contend, however, that they seek relief by injunction against the execution in the hands of the defendant Sheriff, and as the action of ejectment, in which it issued, was brought *before* the Code of Civil Procedure was enacted,

the latter does not apply to it, and the Court cannot grant such relief in that action. This is a misapprehension of the provisions of the statute (Bat. Rev., ch. 17, § 402,) applicable. It is true that it provides that such " suits shall be proceeded in and tried under the existing laws and rules applicable thereto," at and before the time the Code of Civil Procedure took effect, but it further provides, that " *after* final judgment shall be rendered therein, the Clerk shall enter such judgment on the execution docket required to be kept by him, and *the subsequent* proceedings shall be as provided for actions hereafter to be commenced." The judgment in question had been rendered in the action of ejectment, and the relief, sought after judgment, might—ought—to have been applied for, just as if the action had been brought subsequent to the enactment of the Code of Civil Procedure. The Court could grant all appropriate relief in equity in that action after judgment, upon proper application, and in it as well as in an independent action, as the Superior Courts administer the principles of law and equity, under the prevailing method of civil procedure, in the same action. An independent action was unnecessary; indeed, it was improper. Such action will not be allowed when the relief or remedy demanded may be had in an existing action. *Long* v. *Jarratt*, 94 N. C., 443, and the cases there cited.

The plaintiffs might, therefore, have obtained all the relief they demanded by their complaint, as at first filed in the action of ejectment referred to, which was pending and is still pending, for all proper purposes contemplated by it. Their present action must, therefore, be dismissed without prejudice to them.

Error.