M. L. WOOD, Trustee, et al. v. GEORGE WATSON et al.

*Judgments Void and Voidable Against and in Favor of a Dead Man—Suggestion of Death—Practice—Appeal—Parties.*

1. A judgment in favor of a dead man is not void, and not, on that account, irregular.

2. A judgment *against* a party to a suit rendered after his death is voidable, even if the fact of death was unknown.

3. When either party to a suit dies before judgment, it is the duty of the adverse party to suggest the death to the Court.

4. If appeal by the adverse party was desired, the proper course was to make the heirs at law parties to the action, and serve notice of appeal upon them.

5. Right of appeal is not lost on account of the death of the adverse party.

This was a Motion, heard before *Womack, J.,* at February Term, 1890, of BERTIE Superior Court.

The facts are stated in the opinion.

*Mr. D. C. Winston,* for plaintiffs.
No counsel for defendants.

DAVIS, J.: At the Fall Term, 1889, of the Superior Court of Bertie County, in an action by the plaintiffs against George Watson, the ancestor of the present defendants,

judgment was rendered in favor of the defendant Watson against the plaintiffs.

The following is the case on appeal:

This was a motion, heard before *Womack, J.,* at February Term, 1890, of Bertie Superior Court, to set aside a judgment herein rendered at Fall Term, 1889, of said Court, which is set out in the record, upon the following facts ascertained and found by the Court:

At the time of the rendition of said judgment in favor of George Watson, he, the defendant, had for several months been dead, which fact was then unknown. That plaintiffs gave notice of appeal from said judgment, but, upon hearing of the death of George Watson, took no steps to perfect the same, but caused notices to issue to the present defendants, who are the widow and heirs at law of George Watson, of a motion to set aside said judgment, on the ground that at the time of the rendition of the same George Watson was dead.

The defendants entered a special appearance, and resisted the motion upon the following grounds:

1. That it was the duty of the plaintiffs to suggest the death of the defendant, and, not having done so, they are bound by the judgment.

2. That the defendants are the only parties who had the legal right to move to set aside the said judgment, which they elect not to do.

The motion to set aside said judgment was refused, from which refusal the plaintiffs appealed.

Was the judgment in favor of Watson, the *dead* defendant, against the living plaintiffs, void or voidable at the instance of the plaintiffs?

We find many cases, and some conflict of decisions, in which judgment was rendered in *favor* of plaintiffs against *deceased* defendants, but our researches have not enabled us to find any in which judgment was rendered in *favor* of the defendant after his death against a *living* plaintiff.

In *Kelly* v. *Hooper's Executors*, 3 Yerger, 395, and in *Carter* v. *Carriger*, Id., 411, it was held that a judgment against a dead man was an absolute nullity. In *Holmes* v. *Harris*, 8 How. Pr. (N. Y.), 384, it was held that a judgment after the death of a party may be stricken out, and the same was held in *Lockidge* v. *Lynn*, 68 Geo., 137. It was also held by this Court in *Lynn* v. *Lowe*, 88 N. C., 478 (RUFFIN, J., dissenting), that a judgment rendered against a party after his death is irregular, and may be set aside, to the end that the representative of the deceased defendant may have an opportunity to resist a judgment. In *Knott* v. *Taylor*, 99 N. C., 511, it was held that a judgment rendered against a dead person—the fact of his death being unknown to the Court or the plaintiff—was not void, but irregular and voidable. We refer to the interesting discussion in *Lynn* v. *Lowe, supra,* and to the authorities there cited, as to the effect of a judgment rendered against a defendant who died before its rendition. In Freeman on Judgments, § 140, it is said: "If jurisdiction be obtained over the defendant in his lifetime, a judgment rendered against him subsequently to his death is not void;" again, § 153: "Judgments for or against deceased persons are not generally regarded as void on that account." And this view of the law seems to be in accord with the current authorities upon the subject, though, as has been said, there is want of unanimity in the adjudications, and in this State it may be regarded as settled that the death of a party defendant to an action before trial should be suggested, and the proceedings suspended until the real or personal representatives, as the case may be, can be made parties, and the action continued against them, and if this be not done, and the plaintiff takes judgment against a dead defendant, it may be set aside. *Lynn* v. *Lowe*, 88 N. C., 478; *Knott* v. *Taylor*, 99 N. C., 511, and cases there cited.

In *Lynn* v. *Lowe*, the late Chief Justice said: "It was obviously the plaintiff's duty to prevent an abatement of

WOOD v. WATSON.

their action, to bring the fact of the defendant's death to the notice of the Court, and to make the other necessary parties in consequence thereof; in order to proceed with the cause. It could not be the duty of any other, since the event that sealed the lips of the deceased recalled the authority of his attorney longer to represent him."

There is a manifest reason why a judgment *against* a dead man may be avoided and set aside as irregular by a proper motion in the action, and that motion, said the present Chief Justice, in *Knott* v. *Taylor,* "might be made by any person having right under or derived from the deceased defendant therein after the action began. This, as to the party who may make the motion, is allowable, because the defendant in the action having died before * * * the judgment was entered, he could not make it, and, in such case, no presumption arises that he assented to and was satisfied with it. Ordinarily, only the defendant against whom an irregular judgment is given can complain of it. If he does not, the presumption is that he is satisfied with it. It is otherwise where he was dead at the time the judgment was given." These reasons do not apply to a judgment in favor of a dead defendant against a living plaintiff.

No action shall abate by the death of a party, except in the cases provided in section 188 of *The Code.*

Regularly, as is the practice, the death of a party to an action should be suggested, and his representative made a party, and it has been held in California that where the death of the party occurred before the appeal was taken, the fact might be shown in the appellate Court by affidavit. *Judson* v. *Law,* 35 Cal., 463; *Sharteser* v. *Law,* 40 Id., 96, and *Taylor* v. *Railroad,* Id., 337.

If, as is held by some authorities (see dissenting opinion of RUFFIN, J., in *Lynn* v. *Lowe,* and the cases there cited), a judgment would not be voidable if rendered *against* a dead defendant, it would seem *a fortiori* it would not be void or

voidable if rendered in *favor* of a dead defendant *against* a *living* plaintiff, for there is a difference between the two, and a manifest reason in favor of sustaining the validity of the judgment *against* the living plaintiff that does not apply in the case of a judgment *against* the dead defendant. The *living* plaintiff can note exceptions and appeal—"the lips of the dead defendant are sealed." The living plaintiff was present in person or by attorney, and whatever might be the effect of a judgment *against* the *dead* man, there was no irregularity of which the plaintiff can complain. In the case before us, the judgment, so far as the record discloses, was regularly taken in accordance with the uses and practice of the Court; the fact that the defendant was dead was unknown at the time of the trial, and it proceeded against him as if he were alive, resulting in a judgment in his favor, and it was not until after the judgment that the fact of his death appeared *aliunde*. The plaintiff does not seek to set aside the judgment upon the ground of mistake, surprise or excusable neglect, under section 274 of *The Code*, nor is it pretended that there was any fraud, but simply upon the ground that the defendant against whom he was prosecuting his action was dead at the time, and the fact of his death was unknown to him until, the judgment being adverse to him, he sought, by appeal, to get a new trial or a reversal of the judgment. If declared void or irregular and set aside, the effect would be to give the plaintiff a new trial, whether he would be entitled to it on the hearing of his appeal upon its merits or not, whether the judgment was correct in law or not. This would be manifestly unjust if, upon the hearing of the appeal, it should appear that the judgment below was correct in law.

In section 938 of *The Code* it is declared: "In no action shall the death of *either* party between the verdict and the judgment be alleged for error, if such judgment be entered within two terms after the verdict." Clearly the party

against whom judgment might be entered would be entitled to appeal, or a writ of *certiorari*, as a substitute therefor.

The right of appeal is given to any party aggrieved, as prescribed in ch. 10 of *The Code*, or a writ of *certiorari*, as a substitute therefor, in a proper case.   The appellant's counsel says that, after learning that the defendant was dead, he took no steps to perfect his appeal, because there was no one upon whom the statement of case on appeal could be served.

We do not think that, even conceding that the judgment was irregular, the plaintiff was entitled to have the judgment set aside (unless merits were shown, and none are stated), nor do we think that he necessarily lost his right to appeal by reason of the fact that the defendant was dead. He might have obtained it, as would a party against whom a judgment was rendered under section 938 of *The Code*.

Any party, by appeal in compliance with the provisions of *The Code* in relation thereto, or by writ of *certiorari*, in a proper case, as a substitute therefor, has a right to have any decision of the Court below, upon any matter of law or legal inference, reviewed by the Supreme Court, which has "the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the Inferior Courts."   *The Code*, § 945.

The heirs of the deceased defendant were necessary parties in the prosecution of the appeal, and might have been made parties by proper orders in the cause, when the appeal could have been heard upon its merits, but the judgment was not void, and the plaintiffs' motion was properly denied.

There is no error.                     Affirmed.