W. H. THOMAS, by his Guardian, v. E. R. HUNSUCKER et al.

*Ejectment— Title in Third Persons—Possession— Tenant— Case on Appeal—Sheriff's Deeds Void — Insanity — Judgment— Execution—Irregularities.*

1. A defendant in an action of ejectment need not connect himself with an outstanding title in third persons, except in cases where both parties claim from the same source; and not even is exception made in this case where the plaintiff has been divested of such title.

2. When a defendant in ejectment has entered possession as plaintiff's tenant, he may resist recovery by showing that plaintiff has been divested of the title, and still more has he this privilege where no such relation exists.

3. When the case states that the defendant offered no testimony identifying the land, but does not purport to set out the testimony in full, and the ruling of the Court seems to assume its existence, this Court cannot say that it does not exist.

4. A deed of a Sheriff is not void because the defendant in execution was insane at the time of the judgment and sale thereunder—it is only voidable.

5. The purchaser at a sale under execution gets a good title, though the judgment upon which the execution was issued is subsequently set aside for irregularity therein; and the same principle applies to irregularity in the execution. Such irregularities cannot be questioned in an action against such purchaser, unless the plaintiff is purchaser under his own judgment.

This was a CIVIL ACTION, removed from Cherokee County and tried at Fall Term, 1888, of CLAY Superior Court, before *Boykin, J.,* for the recovery of a tract of land.

The plaintiff claimed title through one A. H. Killian and offered in support of it a warrant of survey to Killian from the State; a plat and certificate of survey made in pursuance of an order of Court in 1843; a deed from Killian to one Felix Axley dated June 14th, 1845, and parol evidence to identify it, which was objected to by the defendant; a grant

of date November 4th, 1845, from the State to Killian, which was admitted to embrace the land referred to in the warrant of survey and certificate. The defendant excepted to its admission for that it was void for want of authority to issue it. A deed from Felix Axley to plaintiff to which defendant also objected because of a defect in the probate.

It was admitted that the land of which defendants were in possession was that conveyed in the grant. There was evidence of possession, cultivation and improvement thereof by the plaintiff through his tenants. There was conflicting evidence to show the identity of the land described in the grant and the deed to Axley.

The defendant claimed title under A. H. Killian, and introduced a grant to him from the State, and a deed from him to E. R. Hunsucker, defendant, conveying his interest in the same, dated March 10th, 1849; a deed from C. C. Vest, Sheriff, to William Johnston, dated August 4th, 1869. The judgment docket showed the entry of a judgment against W. H. Thomas in favor of one Wm. Johnston for a considerable amount, but the judgment roll and the execution under which the Sheriff, Vest, sold could not be found.

There was evidence tending to show that W. H. Thomas was insane at the time of the sale and conveyance by the Sheriff. The defendant offered no evidence to identify the land described in this conveyance. There was conflicting evidence upon the question whether there was more than one tract known as the Killian donation land.

There was no other evidence tending to connect the defendant with any title the said William Johnston may have acquired under the Sheriff's deed.

When the argument began, the Court informed defendant's counsel that they would not be permitted to argue the effect of the existence of such outstanding title to defeat the plaintiff's claim, as the plaintiff and defendant claimed under the

108—46

same grantee of the State, A. H. Killian. The defendant excepted.

The defendant's counsel requested the Court to charge as follows:

1. That the trust deed from Killian to Axley is void for the want of a sufficient description to pass the land attempted to be conveyed thereby, and that the possession under it would not be adverse to the true title.

2 That no entry or grant having been shown for any lands on Hanging Dog or Grape Creek, the title has not been shown to be out of the State.

3. That the deed made by Felix Axley to W. H. Thomas by the authority of the trust deed to him does not in law have force to convey to said Thomas any land not authorized in said trust deed.

4. That the judgment, execution, and the deed of Vest, Sheriff, etc., to Johnston, conveys the title of said Johnston to the land in suit.

The first prayer for instruction was refused, as there was no evidence tending to identify the land conveyed in said deed.

The second was refused for a similar reason.

The third was given.

The fourth was refused on the ground that the defendant could not show title out of the plaintiff without connecting himself with it, both claiming under the same grantee. The defendant excepted.

There was a verdict and judgment for the plaintiff. Motion for new trial was refused, and defendant E. R. Hunsucker appealed.

*Messrs. J. B. Batchelor, John Devereux, Jr.,* and *E. C. Smith,* for plaintiff.

*Messrs. J. W. Cooper* and *T. F. Davidson,* for defendant.

SHEPHERD, J.: We think there was error in refusing to give the fourth instruction, on the ground that the defendant

could not show title out of the plaintiff without connecting himself with such outstanding title. This is a correct principle of law, but is applicable only where the defendant seeks to attack a title under which both himself and the plaintiff claim. *Love* v. *Gates*, 3 D. & B., 363; *Gilliam* v. *Bird*, 8 Ired., 280; *Christenbury* v. *King*, 85 N. C., 230; *Ryan* v. *Martin*, 91 N. C., 464.

It is true that in our case both parties claim under Killian, but the defendant, under the instruction asked, does not propose to impeach Killian's title, but contends that, although the plaintiff may have derived title from him, it has been divested by sale under execution, and, therefore, he is not entitled to recover.

In ejectment the plaintiff must recover upon the strength of his own title, and it is always competent for the defendant to show title out of him, where this can be done without encountering the rule of practice commonly called estoppel. *Clegg* v. *Fields*, 7 Jones, 37. Even had the defendant entered as the tenant of the plaintiff, he could have shown that the title of the latter had been divested by a sale under execution, and thus have resisted a recovery. *Lancashire* v. *Mason*, 75 N. C., 455. *A fortiori*, can this be done where no such relation exists.

It is urged, however, that the error is harmless, because there appears to have been no testimony identifying the land in question with that described in the Sheriff's deed. The case states that the *defendant* offered no such testimony, but as it does not purport to set out the evidence in full, and as the ruling of his Honor seems to *assume* the existence of such testimony (possibly disclosed by the plaintiff's witnesses), we do not feel warranted in saying that the error was not prejudicial to the defendant; and especially is this so, when the point does not seem to have been made upon the trial below. It is further contended that the plaintiff's deed is void because of the insanity of the plaintiff when the judg-

ment was rendered, and at the time of the sale under execution.

The authorities seem to be in entire accord in holding that such a judgment is voidable only. 1 Black on Judgments, 205; Freeman on Judgments, 142; Freeman on Executions, 22. See also *Wood* v. *Watson*, 107 N. C., 52.

It is also well settled that "whatever irregularity there may be in a judgment, if it be an act of a Court of competent jurisdiction, unreversed and in force when a sale is made by execution under it, the purchaser at such sale is safe, even though the judgment be subsequently reversed or set aside. The same principle applies to an error in the execution, the regularity of which cannot be questioned in an action against a purchaser at a Sheriff's sale." See cases in Battle's Digest, 559; 6th Digest, 264, and 7th Digest, 279.

It is true that where the plaintiff in the judgment is the purchaser, the sale may be set aside on the ground of irregularity, but unless this is done the title passes, and cannot be attacked collaterally. *Benners* v. *Rhinehart*, 107 N. C, 705.

For these reasons, we think, there should be a new trial.

Error.