TUCKASEGEE MINING COMPANY v. W. F. GOODHUE, et al.

*Corporation—Trust — Liability of Trustee — Estoppel—
Privity in Estate.*

1. While it is true that a corporation created by the laws of North Carolina cannot be lawfully organized in another state, yet neither the corporation nor its debtors, nor any one dealing with it as a lawful corporation, will be permitted to deny its entity upon the ground that it was so organized in another state.

2. Where, in an agreement for the organization of a corporation and for the purchase of lands, it was provided that title to the lands should be taken in the name of G., to be held in trust for the corporation, and to be conveyed to it when organized ; and lands were so bought, and the corporation was organized, G. becoming a stockholder and an officer ; *Held*, that during his life-time G. was estopped from denying the legality of the organization in order to avoid the trust.

3. In such case, the heir-at-law of G. is also estopped, as a privy in estate, from denying the right of the corporation to hold the lands.

This was a CIVIL ACTION, tried before *Robinson, Judge*, at Fall Term, 1895, GRAHAM Superior Court.

The plaintiff introduced and read the Acts of Assembly of 1856 and 1857, and the Articles of Association of April 14, 1857. The plaintiff offered to prove that, on the 10th day of March, 1857, Daniel F. Goodhue, and the other parties mentioned in said act as corporators, after having obtained the subscription of $200,000, met in the city of Cincinnati, and State of Ohio, organized and accepted the charter ; and that at said meeting Daniel F. Goodhue, David Christy, John Probasco, William B. Probasco and John W. Goodhue were elected directors of said corporation, the appellant, for one year, and that said Daniel F. Goodhue was elected president for one year ; that the plaintiff,

the Tuckasegee Mining Company, held regular annual meetings from the first organization till the bringing of this action, and that the said Goodhue was elected and served as president each year up to his death in 1883; that said Daniel F. Goodhue issued certificates of stock of said corporation, as said president, to himself and various other persons, and that at the time of his death he owned more stock of said corporation than any other person, which was sold by his administrator after his death; that said Goodhue executed leases for the land described in the pleadings to various parties, describing himself as trustee of the Tuckasegee Mining Company; that the defendant, Willis F. Goodhue, is the son and only heir-at-law of Daniel F. Goodhue, and that he is a stockholder of the plaintiff, and refuses to execute deeds to the plaintiff for the lands described in the pleadings.

That, at a regular meeting of the directors of the said corporation, (Daniel F. Goodhue being one,) said Daniel F. Goodhue and John Probasco were appointed and made trustees, to receive and hold titles to all lands purchased by the Tuckasegee Mining Company for the Tuckasegee Mining Company; that the plaintiff, the Tuckasegee Mining Company, paid with its own funds and stock for all the lands described in the pleadings; that J. W. Cooper is a stockholder of the Tuckasegee Mining Company; that neither Daniel F. Goodhue nor Willis F. Goodhue have ever paid anything directly for the lands described in the pleadings, but only indirectly as stockholders; that Daniel F. Goodhue accepted and held the deeds and grants in his own name for the lands described in the pleadings, as trustee of the Tuckasegee Mining Company, knowing that he was receiving the same as such, and that, during his life-time, he never denied said trust; that all the lands described in the pleadings were purchased by plaintiff and

conveyed to Daniel F. Goodhue, as trustee; that plaintiff, at its first meeting on the 10th day of March, 1857, opened proper books, and kept books and offices of the Tuckasegee Mining Company all the time till the bringing of this action, and made and adopted by-laws for the governing of said corporation. All this evidence was objected to by the defendants, and ruled out by the court, and the plaintiff excepted.

The plaintiff, having admitted that there had been no organization of said corporation in the State of North Carolina, and there having been no evidence offered that there had ever been any meeting of the directors of said corporation in this State, the court intimated that, upon the above-stated evidence and the above-stated admissions, the plaintiff could not recover in this action; whereupon, the plaintiff submitted to a non-suit and appealed.

*Mr. A. M. Fry,* for plaintiff (appellant).
*Messrs. Ben Posey* and *J. W. Cooper,* for defendants.

AVERY, J.: The charter of a private corporation confers the right to organize and enjoy the franchise within the limits of the state granting it. When organized in the proper state, it may enjoy such privileges in another, under the rules of comity, as the local law does not prohibit it. The court was not in error in holding, as an abstract proposition, that a corporation created by the laws of North Carolina cannot be lawfully organized in a foreign state. But, if the allegations contained in the complaint be true, as the plaintiff offered to show, the defendant's ancestor, in dealing with the plaintiff as a lawful corporation, became a nominal stockholder in pursuance of a pre-existing contract, whereby the alleged corporation was to be organized, and the land in controversy was to be conveyed to a corporation thereafter to be formed (the

title to which, meantime, should be vested in said ancestor for the benefit of certain individuals composing the association which it was proposed to merge into the body corporate). The plaintiff proposed to prove that the said lands were paid for with the money of the alleged corporators and stockholders, who at least attempted to form the plaintiff corporation. The question is whether one, who entered into a contract to hold lands in trust for an association and transfer the title to a corporation which it was agreed should be formed by the members of the association, and who afterwards dealt with the alleged corporation as a lawful entity, was not estopped from denying his fiduciary relation to the body during his life, and, if so whether his heir-at-law, to whom the legal title descended at his death, is not estopped also as a privy in estate from denying the right of the plaintiff to hold the land, and from thereby evading the duty, he in conscience was bound to discharge, of turning over the trust estate to the rightful owner. After taking upon himself the duties of trustee for the association the defendant's father participated in the organization of the corporation, was elected president of it, and had certificates of shares of stock issued, a larger number of shares having been issued to him than to any other person. After his death these shares were sold by his administrator for the benefit of his estate. If these and other facts which plaintiff offered to prove had been shown, the defendant Goodhue would have been estopped from denying the lawful existence of the corporation for which he was trustee. One who contracts with a party or association as a corporation is estopped from denying the corporate existence of the body at the time of contracting, and especially is this the case where such person attempts, by denying its existence, to evade a legal obligation or

duty. *Jones* v. *Cincinnati*, 14 Ind., 90 ; *Ryan* v. *Martin*, 91 N. C., 464 ; 110 Ill., 22. Whether it be called an estoppel or not, it is unquestionably a rule of evidence that often works very just and equitable results. The fact that one incurred an obligation or duty in dealing with a party as a corporation, is evidence of the corporate existence of the party contracting in such capacity, which cannot be denied for the purpose of avoiding the payment of the debt or the performance of the duty. 1 Spelling Pr. Corp, .Sec. 57. In cases of this sort, though the first meeting of stockholders may have been held outside of the State, that fact cannot be shown by the body assuming the powers of a corporation in order to avoid its liability, nor by its debtors for the purpose of evading their accountability under contracts made with it. *Heath* v. *Sylvester*, *&c.*, 39 Wis., 146. If the law could constitute any other agent for the State than the Attorney General to institute proceedings against pretended corporations, the courts would not select as such agents those who are attempting to evade the performance of a duty which equity and good morals require them to discharge without hesitation or delay.

We think that the court below erred in holding that the proof was not sufficient to preclude the defendant from denying his father's obligations and duties to the plaintiff Company as a corporation. There was error. The judgment of non-suit is set aside and a new trial granted.

New Trial.