J. A. TAYLOR, Administrator of HARVEY TAYLOR, Deceased, v. J. T. CAUDLE, Executor of GEORGE B. CAUDLE, Deceased, and HUNTER BYRUM.

(Filed 26 June, 1935.)

**Judgments K d—When executor dies prior to trial, judgment against estate is irregular, and is properly set aside upon motion.**

The executor of an estate employed counsel to defend a suit against the estate, but the executor died prior to the time of trial. The attorneys, without knowledge of the death of the executor, tried the case, and judg-

ment for plaintiff was rendered upon the verdict of the jury. Upon motion to set aside the judgment thereafter made by the executor *c. t. a.,* appointed to succeed the deceased executor, the trial court found that attorneys for plaintiff and attorneys purporting to represent defendant had argued the case and had introduced the testimony of all available witnesses for both sides. *Held:* The trial court's order setting aside the judgment as a matter of law is without error, it appearing that at the time of trial there was no one authorized to represent the estate, which in itself constitutes a meritorious reason for setting aside the judgment, and this result is not affected by the payment of the fees to the attorneys purporting to represent defendant by the executor *c. t. a.,* under order of court, since the executor *c. t. a.* was not made a party to the suit, C. S., 462, and did not appear therein.

CIVIL ACTION, before *Harding, J.,* at February, 1935, Special Term of MECKLENBURG.

Harvey Taylor, plaintiff's intestate, was killed on or about 2 October, 1932, while riding as a guest in a car owned by George B. Caudle. A suit for damages for wrongful death was instituted by plaintiff as administrator of said deceased against George B. Caudle and Hunter Byrum. It was alleged that Byrum was driving the automobile at the time, with the consent and approval and as agent of George B. Caudle, the owner. Caudle filed an answer denying that Byrum was his agent, and alleging that in fact the deceased was himself driving the car and in control thereof at the time the wreck occurred, and that the car was not being operated with his consent and approval.

The defendant Caudle died 24 October, 1933, leaving a last will and testament, and J. T. Caudle qualified as executor. J. T. Caudle, executor, died 23 October, 1934, and thereafter, on or about 2 November, 1934, the cause was tried in the Superior Court upon issues submitted to the jury. The issues were answered in favor of the plaintiff, and there was an award of $6,000 damages.

Thereafter, on 15 November, 1934, H. T. Caudle qualified as administrator *c. t. a.* of George B. Caudle, and subsequently filed a petition praying that the judgment be set aside on the ground that the executor J. T. Caudle was dead at the time of the trial, and that such death was unknown both to counsel for plaintiff and the defendants. The plaintiff filed an answer to the petition, and the cause was heard and certain pertinent facts found by the judge. Capitulating these facts, it appears that J. D. McCall was counsel originally employed by George B. Caudle during his lifetime, and after his death J. F. Newell and M. K. Harrill were employed in the cause by J. T. Caudle, executor, prior to his death. J. T. Caudle, executor, died 23 October, 1934, and the trial of the case was begun in the Superior Court of Mecklenburg County on 1 November, 1934. The death of the executor at the time of the trial was,

unknown to both parties and their counsel. At the trial "all available witnesses in behalf of both the plaintiff and the defendants of record testified. That attorneys purporting to appear on behalf of the estate of George B. Caudle, subpœnaed witnesses from Montgomery County, where occurred the fatal accident on which this cause was instituted, . . . and that the jury's verdict was reached after hearing all witnesses and after argument of counsel for the plaintiff and all members of counsel purporting to appear for the estate of George B. Caudle. That at the time of the trial herein, and the rendering of said judgment, the said J. T. Caudle, executor as aforesaid, was dead, and there was no one authorized to represent the estate of the said George B. Caudle, deceased. The judgment was based on the verdict reached by the jury after the defense had been fully presented."

Upon the facts found, the trial judge was of the opinion that the motion in the cause to set aside the judgment should be allowed as a matter of law, and so ruled.

From such judgment the plaintiff appealed.

*H. C. Jones and Brock Barkley for plaintiff.*
*J. L. DeLaney and J. Laurence Jones for defendants.*

BROGDEN, J. Did the trial judge rule correctly when he set aside a judgment for damages rendered against the estate of a dead man, when the administrator *c. t. a.* of the deceased was not a party to the suit, although the cause was fully presented to the jury upon evidence and argument of counsel?

The cases dealing with the subject are cited and discussed in *Wood v. Watson,* 107 N. C., 52, 12 S. E., 49; *Knott v. Taylor,* 99 N. C., 512, and *Lynn v. Lowe,* 88 N. C., 478. There was some vacillation of judicial thinking upon the question and contradictory declarations, but the proposition seems to have been brought to rest in *Knott v. Taylor, supra,* and *Wood v. Watson, supra,* which are apparently the last utterances of this Court.

In the *Knott case, supra,* it was held that a judgment rendered against a dead person when the fact of death was unknown, was irregular and voidable. The writer of the opinion in *Wood v. Watson, supra,* quotes from Freeman on Judgments, sec. 153, as follows: "Judgments for or against deceased persons are not generally regarded as void on that account." Commenting upon the Freeman utterance, the opinion proceeds: "And this view of the law seems to be in accord with the current authorities upon the subject, though, as has been said, there is want of unanimity in the adjudications, and in this State it may be regarded as settled that the death of a party defendant to an action before trial be

suggested, and the proceedings suspended until the real or personal representatives, as the case may be, can be made parties, and the action continued against them, and if this be not done, and the plaintiff takes judgment against a dead defendant, it may be set aside."

Plaintiff asserts that the judgment ought not to be set aside for two major reasons, to wit: First, that it appears from the findings of fact that the cause was properly and fairly tried and every phase of the case fully presented to the jury, and that the petition to set the judgment aside does not allege merit. Second, that after H. T. Caudle was appointed administrator *c. t. a.* upon order of court, he paid $250.00 to attorneys who tried the case, and said attorneys prepared and served statement of case on appeal to the Supreme Court.

The court is of the opinion that these contentions ought not to prevail. The trial judge found as a fact that "there was no one authorized to represent the estate of said George B. Caudle, deceased." Moreover, as there was no administrator or executor present at the trial, or a party to the suit at the time of the trial, the dead man had no one authorized to speak for him. The law contemplates that a defendant shall have the right to be heard, and manifestly such right was denied in this case. That very fact constitutes merit, even if a showing of merit were necessary. While the administrator *c. t. a.,* in obedience to an order of court, paid counsel certain fees, it is not disclosed by the record that he appeared in the action or was made a party thereto, as required by C. S., 462, and the Court is of the opinion that the trial judge ruled correctly.

Affirmed.