DEVIN, J., took no part in the consideration or decision of this case.
The judgment of the clerk of the Superior Court fully sets forth the contentions of the litigants, and is as follows: *Page 425 
"This cause coming on to be heard upon motion of the defendant Sarah C. Stewart, made in behalf of herself and in behalf of all other legatees and devisees under the will of John W. Stewart, to set aside and vacate the judgment heretofore entered in this cause, and being heard by L. E. Lancaster, Esq., clerk of the Superior Court, after notice to the plaintiffs, the parties being represented by counsel, the court finds:
"That John W. Stewart died testate on or about 24 November, 1919, his will being dated 25 June, 1919, and admitted to probate on 28 November, 1919, and recorded in the office of the clerk of the Superior Court of Craven County in Will Book I, page 53.
"That Sarah C. Stewart, widow of John W. Stewart, qualified as executrix of said will on 29 November, 1919, and duly advertised for creditors to present claims against said estate as prescribed by law, said advertisement being completed six weeks after 29 November, 1919.
"That said will contained no power or direction to the executrix to borrow money or to convey real estate, and that there has been entered no order of court authorizing or empowering said executrix to borrow money or to execute any note for the same in the name of the estate.
"That on 14 January, 1933, the plaintiffs herein instituted an action in the Superior Court of Craven County, and in the complaint alleged, among other things:
"`That on 30 June, 1930, for value received, the defendant Sarah C. Stewart, executrix of the estate of John W. Stewart, executed and delivered to the Citizens Bank and Trust Company her promissory note, under seal, as executrix of the estate of John W. Stewart, for the sum of eleven thousand dollars, payable ninety days from date, in words and figures as follows:
"`"$11,000. New Bern, N.C. June 30, 1930.
"`"On or before ninety days from date, I promise to pay to the order of the Citizens Bank and Trust Company the sum of eleven thousand dollars, with interest at six per cent per annum from and after maturity. For value received. This note is secured by deed of trust of even date herewith.
"`"Witness our hands and seals: Sarah C. Stewart, Executrix of the Estate of John W. Stewart, (Seal)."'
"That no answer was filed by defendant and judgment by default was entered on 13 February, 1933, and docketed in Judgment Docket Y, page 213, office of the clerk of the Superior Court of Craven County, in the following words:
"`It is therefore, on motion of Warren Warren, attorneys for plaintiff, ordered and adjudged that plaintiff herein recover of the defendant *Page 426 
Sarah C. Stewart, executrix of the estate of John W. Stewart, the sum of eleven thousand dollars, and interest thereon at six per cent from 30 September, 1930, together with cost of this action, to be taxed by the clerk. L. E. Lancaster, Clerk Superior Court, Craven County.'
"That said action was taken more than 13 years after the death of John W. Stewart; more than ten years after the qualification of the executrix and the publication of notice to creditors; more than ten years after the two-year statutory period of administration had expired; more than ten years after the date required for the filing of final account; more than twelve years from the beginning of the representative capacity of Sarah C. Stewart, executrix, and more than ten years after the lapse of the two-year period prescribed by law for joint liability of heirs for debts of deceased.
"That the action in which said judgment was rendered was not predicated upon a debt of the deceased person, J. W. Stewart, outstanding unpaid at the date of the death of said deceased person, nor was the same predicated upon an executory contract maturing beyond the lifetime of the said J. W. Stewart, nor was the same a renewal of an obligation of the deceased person, J. W. Stewart.
"That the complaint filed in this cause does not state a cause of action against the estate of J. W. Stewart or against his executrix as such.
"Upon the foregoing findings of fact, the court concludes as a matter of law that said judgment is irregular and is not taken in accordance with the due course and practice of the Superior Court of Craven County, North Carolina, and not in accordance with section 130 of the Consolidated Statutes of North Carolina.
"That the debt sued on was not the debt of the estate of John W. Stewart, and that the addition of the words `Executrix of the estate of John W. Stewart,' appended to the signature of said note, was mere surplusage, and does not have the effect of binding the estate of John W. Stewart.
"That the attempt to charge the estate of J. W. Stewart with an unauthorized debt, evidenced by said note, was in law a fraud upon the heirs, devisees, and legatees of said J. W. Stewart.
"That the plaintiff was fixed with knowledge in law and in fact of the limitation upon the authority of Sarah C. Stewart, executrix, at the time of the alleged execution of said note, and that said note was void as an obligation of the estate of John W. Stewart, and that the judgment rendered thereon is void, and that the same should be and is hereby set aside and entry to this effect shall be made on the judgment docket in this court and certified to Jones County and such other county as transcript may have been docketed. This order is without prejudice to plaintiffs to bring and maintain an action against Sarah C. Stewart, individually. *Page 427 
"This 14 May, 1935. L. E. Lancaster, Clerk Superior Court, Craven County."
Plaintiff excepted, assigned error, and appealed to the Superior Court.
The judgment in the court below was as follows:
"This is a motion in the cause filed before clerk of the Superior Court in Craven County to set aside a judgment rendered by the clerk, 13 February, 1933, and in the event said judgment is not set aside as to Sarah C. Stewart, individually, then that said judgment be reformed by striking therefrom the words, `Executrix of the estate of J. W. Stewart,' as will appear by written motion filed. The clerk entered an order vacating and setting aside said judgment, from which the plaintiffs appealed. This cause now comes on to be heard upon said appeal before the undersigned judge, at the May Term, 1935, Craven County Superior Court.
"Upon hearing said motion it appears to the court that summons herein was issued 17 August, 1932, and returned, `Sarah C. Stewart, executrix, not to be found in Craven County'; that thereafter the clerk entered an order for alias summons dated 19 September, 1932; that alias summons was issued 28 September, 1932, and, together with a copy of complaint, was served on the defendant 5 October, 1932; that apparently thereafter, to wit, 13 January, 1933, another order for alias was issued and an alias summons was issued 13 January, 1933, and said summons, without a copy of the complaint, was served on the defendant 14 January, 1933; that judgment by default was entered 13 February, 1933, will appear of record. Motion to set aside and vacate the judgment, as above recited, was filed 22 April, 1935.
"The complaint, upon which said judgment is based, sets out and recites a note in the sum of eleven thousand dollars, dated 30 June, 1930, signed: `Sarah C. Stewart, Executrix Estate of John W. Stewart,' which date was subsequent to the death of the testator, John W. Stewart. It is not alleged in the complaint that said note was executed for a debt in existence at the time John W. Stewart died, which was a liability of the estate of the said John W. Stewart. The heirs at law of John W. Stewart, other than Sarah C. Stewart, are not parties to the motion to vacate said judgment, but the defendant undertakes in behalf of herself and said heirs to make and enter said motion.
"The plaintiffs filed before the clerk a motion to dismiss the motion filed by the defendant, which appears of record.
"While the court, upon the foregoing facts, is of the opinion that said judgment is ineffectual to create any lien upon the estate of John W. Stewart, or upon the property acquired by the heirs under the will, it is further of the opinion that it is without power to determine said question in this proceeding. The court is further of the opinion that said *Page 428 
judgment is regular and is sufficient in substance and form to create a lien against the property of Sarah C. Stewart, individually, and that as to said defendant no sufficient cause appears for vacating or annulling the same.
"It is therefore ordered and adjudged by the court that the judgment entered by the clerk vacating said judgment be and the same is hereby set aside and annulled, and said judgment is reinstated.
"This judgment is without prejudice to the rights of the heirs of John W. Stewart to institute an action to remove any cloud said judgment may cast upon the property held by them. This 15 May, 1935. M. V. Barnhill, Judge presiding."
To the foregoing judgment and findings of fact, the defendant excepted, assigned error, and appealed to the Supreme Court. The other material facts will be set forth in the opinion.
In the judgment of the clerk is the following: "That the complaint filed in this cause does not state a cause of action against the estate of J. W. Stewart, or against his executrix as such. Upon the foregoing findings of fact, the court concludes as a matter of law that said judgment is irregular and is not taken in accordance with the due course and practice of the Superior Court of Craven County, North Carolina, and not in accordance with section 130 of the Consolidated Statutes of North Carolina."
In the judgment of the court below we find: "The complaint, upon which said judgment is based, sets out and recites a note in the sum of eleven thousand dollars, dated 30 June, 1930, signed: `Sarah C. Stewart, Executrix Estate of John W. Stewart,' which date was subsequent to the death of the testator, John W. Stewart. It is not alleged in the complaint that said note was executed for a debt in existence at the time John W. Stewart died, which was a liability of the estate of the said John W. Stewart. The heirs at law of John W. Stewart, other than Sarah C. Stewart, are not parties to the motion to vacate said judgment, but the defendant undertakes in behalf of herself and said heirs to make and enter said motion."
In Snipes v. Monds, 190 N.C. 190 (191), is the following: "An executor cannot, by any contract of his, fasten upon the estate of his testator liability created by him, and arising wholly out of matters occurring after the death of the testator," citing numerous authorities. Ins. Co. v.Buckner, 201 N.C. 78. *Page 429 
In Allen v. Armfield, 190 N.C. at p. 870-1, we find: "A personal representative is not answerable in his official character for a cause of action not created by the decedent. As the Court said in Whisnant v. Price,175 N.C. 611, the uniform rule is that no action will lie against the personal representative of the deceased person except upon some claim which existed against the deceased in his lifetime and for a claim accruing wholly in the time of the administration, the administrator is liable only in his personal character. Snipes v. Monds, ante, 190." Hall v. Trust Co.,200 N.C. 734, 739.
For the court to render a judgment against Sarah C. Stewart, executrix of the estate of John W. Stewart, it was necessary for the complaint to allege such liability as set forth in the above cases. This was not done in the complaint. The clerk and the court below both found that the complaint filed in the cause does not allege a cause of action against the estate of John W. Stewart; that the note was not executed for a debt in existence at the time John W. Stewart died, which would make it a liability of the estate. There is no allegation in the complaint that Sarah C. Stewart contracted individually, so as to bind her personally, and we do not think an implication arises on the present record. Banking Co. v. Morehead,116 N.C. 413; Bessire Co. v. Ward, ante, 266.
To collect this judgment plaintiff must do something more than issue execution. N.C. Code, 1935 (Michie), sec. 130, provides: "All judgments given by a judge or clerk of the Superior Court against a personal representative for any claim against his deceased shall declare: (1) The certain amount of the creditors demand. (2) The amount of assets which the personal representative has applicable to such demand. Execution may issue only for this last sum, with interest and costs." Section 131: "No judgment of any court against a personal representative shall fix him with assets, except a judgment of the judge or clerk, rendered as aforesaid, or the judgment of some appellate court rendered upon an appeal from such judgment. All other judgments shall be held merely to ascertain the debt, unless the personal representative by pleading expressly admits assets." Section 132: "All executions issued upon the order or judgment of the clerk, or of any appellate court against any personal representative, rendered as aforesaid, shall run against the goods and chattels of the deceased, and if none, then against the goods and chattels, lands and tenements of the representative. And all such judgments docketed in any county shall be a lien on the property for which execution is adjudged as fully as if it were against him personally." Section 136: "If it appears at any time during, or upon, or after the taking of the account of a personal representative that his personal assets are insufficient to pay the debts of the deceased in full, and that he died seized of real property, it is the duty of the judge or clerk, *Page 430 
at the instance of any party, to issue a summons in the name of the personal representative, or of the creditors generally, to the heirs, devisees, and others in possession of the lands of the deceased, to appear and show cause why said lands should not be sold for assets," etc. Section 75; Tucker v. Almond, ante, 333.
There is a difference between (1) a defective statement of a good cause of action, and (2) a statement of no cause of action; that is, if the complaint is wholly insufficient to make out a cause of action. N.C. Practice and Procedure in Civil Cases (McIntosh), p. 461.
We think a judgment by default on the former is erroneous and must be appealed from, the latter is irregular and can be set aside in a reasonable time where merit is shown and there is no laches. Then, again, in an action against a decedent's estate the above sections of the statute must be considered, for example, section 130: "All judgments given by a judge or clerk of the Superior Court against a personal representative for any claim against his deceased shall declare," etc. Under the facts and circumstances of this case, we think the judgment was irregular.
In Finger v. Smith, 191 N.C. 818 (819-20), it is said: "A judgment may be valid and unassailable, or it may be irregular, erroneous, or void. An irregular judgment is one rendered contrary to the course and practice of the court, as, for example, at an improper time; or against an infant without a guardian; or by the court on an issue determinable by the jury; or where a plea in bar is undisposed of; or where the debt sued on has not matured; and in other similar cases (citing authorities). . . . (p. 820) An erroneous judgment is one rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law, or upon an erroneous application of legal principles, as where judgment is given for one party when it should have been given for another; or where the pleadings require several issues and only one is submitted; or where the undenied allegations of the complaint are not sufficient to warrant a recovery; and in other cases involving a mistake of law," citing numerous authorities.
C. S., 600, relating to mistake, surprise, and excusable neglect, has no application on the present record. Foster v. Allison Corp.,191 N.C. 166; Wellons v. Lassiter, 200 N.C. 474 (477);Newton Co. v. Mfg. Co., 206 N.C. 533.
"To set aside a judgment for irregularity it is necessary to make a motion in the cause before the court which rendered the judgment, with notice to the other party; the objection cannot be made by appeal, or an independent action, or by collateral attack. The time for such motion is not limited to one year after the judgment is rendered, but it must be made by the party affected and within a reasonable time, to show that he has been diligent to protect his rights. The application should also show *Page 431 
that the judgment affects injuriously the rights of the party, and that he has a meritorious defense; otherwise, it would be useless to set aside the judgment." N.C. Prac. Proc. in Civil Cases, McIntosh, part sec. 653, pp. 736-7.
In 1st Freeman on Judgments (5th Ed.), sec. 217, p. 422, it is said: "A judgment may undoubtedly be vacated for prejudicial irregularity. . . . (Sec. 218, pp. 424-5.) A judgment is said to be irregular whenever it is not entered in accordance with the practice and course of proceeding where it was rendered. The irregularities which have been treated as sufficient to justify the vacations of judgments are very numerous, and it is not possible to prescribe any test by which, in all jurisdictions, to determine whether or not a particular irregularity is such as to require the vacation of a judgment. When the irregularity does not go to the jurisdiction of the court, its action will be largely controlled by the promptness with which the application is made, and by the consideration whether or not the irregularity is one which could have operated to the prejudice of the applicant. . . . (Sec. 219, p. 432.) A judgment on the pleadings rendered under a misapprehension as to their allegations may be vacated for `irregularity.'"
In Snow Hill Live Stock Co. v. Atkinson, 189 N.C. 250, suit was begun 24 March, 1921, tried at April Term, 1923, and judgment entered on verdict against plaintiff. Neither complaint nor answer had been filed. Plaintiff was not present and did not know of the trial until after adjournment of the court. At December Term, 1924, plaintiff's motion to set aside the judgment was overruled by Judge Barnhill. Upon appeal, Stacy, J., reversing the decision of Judge Barnhill, said, for the Court (p. 251): "It could hardly be maintained that this is not an irregular judgment, as it was entered contrary to the usual course and practice of the court. Becton v.Dunn, 137 N.C. 559; Gough v. Bell, 180 N.C. 268. Apparently it is based on neither allegation nor sufficient finding by the jury, and the plaintiff is taxed with the costs, which would seem to make it also an erroneous one, though an erroneous judgment should be corrected by appeal. Duffer v.Brunson, 188 N.C. p. 791."
In Knott v. Taylor, 99 N.C. 511 (515), it is said: "All irregular judgments are in a sense erroneous, but they may be set aside in a proper case for such irregularity, if application be made within a reasonable period of time. Lynn v. Lowe, 88 N.C. 478, and numerous cases there cited; Williamson v. Hartman, 92 N.C. 236; Fowler v. Poor, 93 N.C. 466."Taylor v. Caudle, 208 N.C. 298.
In White v. Snow, 71 N.C. 232 (235), a judgment is held to be irregular when "the complaint is insufficient to warrant any judgment for the plaintiff. . . . A plaintiff must be careful to take only such judgment as is authorized by his complaint." *Page 432 
Under the facts and circumstances of this case, we think that the judgment was irregular, the time in which the motion was made reasonable, and the applicant has a meritorious defense.
For the reasons given, the judgment of the court below must be
Reversed.
DEVIN, J., took no part in the consideration or decision of this case.