Battle, J.
 

 Many objections were urged against the recovery of the plaintiff’s lessor in the Court below, and have been again pressed in the argument before us. We have given to them a due consideration and have carefully examined the reasons, which have been brought to their support. But, after all, we are compelled to say that they do not satisfy us that, the defendant’s case can be exempted from the operation of the inflexible rule, that whenever both parties claim under the same person, neither of them can deny his right, and then, as between them, the elder is the better title and must prevail.
 
 Murphy
 
 v.
 
 Barnett,
 
 1 Car. Law Repos. 105.
 
 Ives v. Sawyer,
 
 4 Dev. and Bat. Rep. 51. The defendant’s counsel, acknowledging the force of this rule, in all the cases to which it can apply, has tasked his ingenuity to show that his case does not come within it. Let us see to what extent he has succeeded. The first and second objections may be considered
 
 together, for
 
 whatever is an answer to one, is an answer to both. They must assume, that a house, separate and distinct from the ground on which it
 
 *284
 
 stands, is personal property. But that is not so. The ownership of land is not confined to its surface, but extends indefinitely, downwards and upwards.
 
 Cujus est solum, ejus est usque ad cesium, 2
 
 Black. Com. 18. It includes not only the ground .or soil, but every thing which is attached to the earth, whether by the course of nature, as trees' and herbage, or by the hand of man, as houses and other buildings.
 
 Co. Lit.
 
 4,
 
 a.
 
 A house, or even the upper chamber of a house, may be held separately from the soil, on which it stands, and an action of ejectment will lie to recover it. 3
 
 Kent's Com.
 
 401, note e. The other objections are urged more particularly against the application to this case of the doctrine of estoppel. It is said that the lot, upon which the house in controversy stands, is a part of one of the public streets of the town of Windsor; that a public street-is not the subject of a grant by the State, and cannot of course become the property of a private individual, and that therefore no estoppel can arise in relation to it. In support of this argument the counsel relies upon the proposition laid down by this Court in
 
 Collins
 
 v.
 
 Benbury,
 
 3 Ired. Rep. 285, that “ it is very clear that a grant of a several fishery in the ocean or other navigable water by an individual, who could not acquire it from the State, must be merely void ; and therefore it cannot estop.” The cases are widely different, and the admission of the one furnishes no ground of support for the other. A several fishery in the ocean or in a navigable stream is not, and never has been, the subject of private ownership in this State, because land covered by a navigable water course, has always been expressly excluded from entry, and a grant of it by one individual to another would therefore exhibit on-its face its own
 
 nullity.
 
 But a street or any other high-way, though now dedicated to the use of the public, may have been, and probably was, once the subject of private property, and a grant of the soil over which it passes need not, and ordinarily would not, ex
 
 *285
 
 pose its own invalidity. This being so, the decisive answer to the defendant’s argument is, that he is just as much estopped from showing that the title is out of the plaintiff’s lessor, and in the public, as that it is in any private person. It is said again, that the defendant is not estopped, because it does not appear that Holley, from whom he purchased, ever took a deed from the sheriff, or that he ever executed one to him. This objection is founded upon a misapprehension of the manner in which the estoppel arises in this case.
 

 The deed from Ryan to the plaintiff’s lessor estops Ryan from disputing his grantee’s title, and the same estoppel extends to all persons who claim from or under Ryan, whether by deed or otherwise.
 
 Murphy
 
 v.
 
 Barnett, ubi supra.
 
 Holley took possession, by naans of his tenant, of the house which he purchased at the sheriff’s sale as the property of Ryan, and until the contrary appears, ho must be presumed to have entered under the title acquired by his purchase. He cannot then dispute the title of Ryan, and that title had been previously conveyed to the plaintiff’s lessor.
 

 Another position is assumed in the argument here; that the deed from Ryan to the plaintiff’s lessor conveys only a life estate, and that Holley purchased only the reversion in the house, that being all the interest, which Ryan then had in it, and that the estoppel could not extend to such reversion. All this may be true, and yet it cannot avail the defendant, because his vendor, Holley, entered into possession of the house immediately after his purchase, and he must therefore be taken to have claimed a present, and not a reversionary interest.
 

 The last objection is clearly untenable. In the argument it is said, that Holley purchased, and took possession of the house only, and not the lot on which it stood, and that consequently he could be estopped for the house only. But that is sufficient for the lessor’s purpose. He is entitled to a verdict, if he can show
 
 &
 
 
 *286
 
 wrongful possession by the defendant of any part, no matter how small, of what he claims in his declaration.
 
 Huggins
 
 v.
 
 Ketchum,
 
 4 Dev. and Bat. Rep. 415. The verdict and judgment in an action of ejectment, do not necessarily specify the part, for the trespass upon which the defendant is found guilty, and the lessor of the plaintiff must, in such case, take out his writ of possession at his own peril.
 

 We have thus considered all the objections urged by the defendant against the recovery of the plaintiff’s lessor, and finding them untenable, we must affirm the judgment.
 

 Per Curiam. Judgment affirmed.