Rattle, J.
 

 We cannot distinguish this from the ordinary case of two parties claiming under the same person, jn which neither can deny the title of him under whom they both claim. Murphy v. Barnett, 1 Car. Law Repos. 105. Ives v. Sawyer, 4 Dev. and Bat. 51. Gilliam v. Bird, 8 Ired. 280. Maddera, under whom the defendant Watts claims, certainly derived title from Pollard, the first husband of the plaintiff’s lessor, who was the heir at law of William Mackey. Maddera could not then deny the title-of Mackey. The termination of Maddera’s title by the death of Pollard could make no difference, because it does not appear that he ever claimed under any other title than that derived from Pollard. When sued in ejectment, therefore, by the plaintiff’s lessor, he could not deny her title, as is clearly shown by the above recited case of Ives v. Sawyer. Indeed, the only difference between that case andthe present is, that the wife did not join ineffectually in. the-
 
 *231
 
 conveyance of her husband. The defendant, in a case like the present, can defend himself only by showing that he has a better title in himself than that of the plaintiff’s lessor, derived, either from the person from whom they both claim, or from some other person who had such better title. Love v. Gates, 4. Dev. and Bat. 363, and Copeland v. Sauls, decided at the present term. It is not a case strictly of es-toppel, but one founded in justice and convenience.
 

 Nor js the present a case of landlord and tenant, as the defendant’s counsel has contended, where the landlord’s title has expired, but depends upon the just and convenient principle above stated. As both parties derived title under William Mackey, who was once in possession claiming the fee, neither is at liberty to show that such title is still a good and subsisting one. Unless the defendant can show that he has in himself the outstanding title of Cherry’s heirs, the the lessor of the plaintiff must recover. The judgment of non-suit must be set aside, and a
 
 venire de novo
 
 awarded.
 

 Jugment reversed.