Battle, J.
 

 The defendant’s counsel admits that it is a W'ell settled principle-, that an alien cannot take land, by descent, courtesy, dower or other title, derived merely from the law. 7 Rep. 25. Paul v. Ward, 4 Dev. 247. Bell, on the property of Hubbard and vdfe, 151 (67 Law Lib. 114.) The defendant did not, therefore, acquire any interest in the land in controversy, by his purchase under the execution against McAuliff. But his counsel contends, that the plaintiff’s lessor claims under the same person, and is, therefore, estopped to deny his title, and that, as the defer.. dant purchased under a
 
 fieri
 
 facia), which bore
 
 teste
 
 prior to the date of the deed from the said McAuliff and wife, to the person under whom-the lessor claimed, the latter could not recover. The doctrine contended for, in the ingenious argument of the counsel, is, to a certain extent, undoubtedly true,*and is well supported by the cases to which he refers, as authority for it. That doctrine is, that as the lessor of
 
 *73
 
 the plaintiff, in an- action of ejectment, is bound to show -a good title in himself; the defendant' being in posáession, may generally show in his -defence a bettor title than that of the lessor, outstanding in a third person. But, if both parties claim title under the same person, it is not competent. to either, as such claimants, to deny that such person-had title. Murphy v. Barrett, 1 Car. Law. Reports 105. Ives v. Sawyer, 4 Dev. and Battle 51. That rule-must give way, however, when the party can show .a better title in
 
 himself,
 
 a3 is proved by the cases referred to by the plaintiff’s counsel. Love v. Gates, 4 Dev. and Bat. 363. Norwood v. Morrow, Ibid. 442. Brereton v. Evans, Cro. Eliz. 700.
 

 In the present case, the lessor of the plaintiff has shown a perfect title in himself,. for the deed from McAuliff and' wife, to Mary E. Suter, was sufficient to pass the title of the wife, to her; the-same having been acknowledged, and the wife privately examined, as required by law.
 

 It is true, that the execution of the deed by the husband had no effect to pass any interest from him, for the very good reason, that he had none; yet, he was a necessary party to enable his wife to convey her interest. If, then, the lessor, who claimed under Mary E. Suter, had been in possession, he could have defended' himself in an action of ejectment, brought by the present defendant, by showing
 
 title in himself,
 
 and we can see no good reason why that title may not be shown to avail him, in the same kind1 of action, brought by himself.
 

 We have not adverted to the act'of 1848, ch. 41, which prohibits the sale of the husband’s interest, because the plaintiff’s counsel has not relied upon'it, and we think his-right to recover good, without it.
 

 Per Curiaji. The judgment is affirmed.