Battle, J.
 

 This was an action of ejectment, for a certain tract of land, of which it was admitted that the defendant was in possession. The lessor of the plaintiff, in support of his title, offered and read in evidence a deed from John Gunter to Joseph Thomas, for the land in question, dated the 5th of Au
 
 *376
 
 gust, 1806, and then a deed from Joseph Thomas, jr., to him, the lessor, dated 4th February, 1845. • The defendant then offered, and read in evidence, a deed from the same Joseph Thomas to him, dated 20th of November, 1844, for the same land, which he had procured to be proved and registered, and contended that it conveyed the land to him. He also read in evidence a deed from the said Joseph Thomas, to one Reuben Thomas, of a prior date, to wit, 17of February, 1840.
 

 In reply, the plaintiff’s lessor introduced testimony, tending to show, that the paper writing, purporting to be a deed from Joseph Thomas, jr., to the defendant, was never delivered, but was wrongfully and forcibly taken by the defendant, without the consent and against the will of the said Joseph Thomas. Other testimony was introduced, to show that the deed from Joseph to Reuben Thomas was fraudulent and void; but it is unnecessary to state it, because the bill of exceptions sets forth, that his Honor proposed to submit to the jury, the question, whether Joseph Thomas, jr., ever delivered the paper writing of the date of 20th of November, 1844, to the defendant as his deed? reserving the question of law, how far the defendant was estopped by that paper writing, and his acts under it, from denying the title of the lessor; and that, if the jury should find that the paper writing had never been delivered, and his Honor, should be of opinion that the defendant was estopped, a verdict of guilty should be entered; but, if he should think that the defendant was not estopped, then a verdict of not guilty should be entered, and then a judgment to be rendered according to tüe verdict. This proposition was expressly agreed to by the parties, and the jury acting thereon, returned as their verdict that the paper writing had not been delivered to the defendant. On the reserved question of estoppel, the plaintiff’s lessor insisted that the defendant Kelly, by proving and registering the paper writing, and exhibiting it as a deed on the trial, and claiming under it as a deed, had estopped himself from denying the title of the lessor.
 

 The defendant, oh the contrary, insisted, that, as the paper
 
 *377
 
 writing bad not been delivered to him, it was no deed, and he could not be- estopped by it. He contended further, that es-toppels must be mutual, and the paper not being a deed, the grantor, Joseph Thomas, could not be estopped by it, and of course
 
 he
 
 could not be estopped.
 

 His Honor was of opinion that the defendant was estopped, and under the agreement, a verdict of guilty was entered, and a judgment being rendered thereon, the defendant appealed.
 

 The law applicable to this case is well settled, and the only difficulty which it presents arises from a misapplication of terms. The defendant, for the reasons given by his counsel, is not technically speaking,
 
 estopped
 
 from denying the title of Joseph Thomas, jr.», under whom the plaintiff’s lessor claims. But, as both the lessor and the defendant set up a elaim to the land under the same person, neither of them can deny the title of that person. This is a rule, not strictly of estoppel, but one founded in justice and convenience, which has been long recognized, and acted upon in this State. The defendant, as we said,' in Johnson v. Watts, ante. 228, can, in such a case, “ defend himself only by showing that he has a better title in himself than that of the plaintiff’s lessor, derived either from the person from whom they both claim, or from some other person who had such better title but he is not at liberty to show a better outstanding title in a third person. (See all the cases on this subject, referred to in Johnson v. Watts.) Here the defendant sets up a claim to the disputed land, under an instrument, which he alleged was executed by Joseph Thomas, jr., of a prior date to that under which the lessor claimed. Being defeated in that, by the proof that the paper writing had never been delivered as a deed, he is prevented by the just and useful rule which we have stated, from changing his ground, with the view to defeat the plaintiff’s lessor, by showing a better title in Reuben Thomas, a third person. The judgment was right, (although a wrong reason was given for it,) and must be affirmed.
 

 Judgment affirmed.