Battle, J.
 

 The lessors of the plaintiff seek to recover the land in dispute from the defendant upon the ground, that he is in possession, claiming under a deed from their ancestor Kilby Register, and that the deed conveyed only a life-estate which has expired by the death of the grantor. The defendant objects,
 
 fi/rst,
 
 that the lessors of the plaintiff had not shown that he claimed under the deed of their ancestor;
 
 secondly,
 
 that if such fact were;shown, the deed, upon .a proper construction of it, conveyed an estate in fee simple instead of for life only; and that at all events the lessors were rebutted by a clause of warranty, contained in the deed, from claiming the land therein conveyed.
 

 The first objection is clearly untenable. The lessors .hav
 
 *314
 
 ing first proved that the defendant was in the possession of the premises sued for, produced registered deeds, showing an apparent chain of title from their ancestor to him. Surely, that was at least
 
 prima, faeie
 
 evidence that he was in possession, claiming under such title. If, in truth, ho entered under a different title, and had no connection with that derived from the ancestor of the lessors, he was at liberty to show it; but in the absence of such proof, the presumption was, that he was in under the deeds which had been proved and registered, and as we must suppose, proved and registered by those who apparently took an estate under them. The case then is one where, in ejectment, both parties claim under the same title; in which it is not competent for either to deny such title. It is not, as we have said several times recently, a case strictly of estoppel, but one founded in justice and convenience, and the question will be, which of the parties has the preferable title derived from the common source ? See
 
 Johnson
 
 v.
 
 Watts,
 
 1 Jones’ Rep. 231;
 
 Thomas
 
 v.
 
 Kelly,
 
 Ibid 375 ;
 
 Feimster
 
 v.
 
 McRorie,
 
 Ibid 547. The defendant may indeed, if he can, defend himself by showing that he has obtained the better title from some person who had it, but he is not allowed to defeat the claim of the lessors by showing such better title outstanding in a third person.
 
 Love
 
 v.
 
 Gates,
 
 4 Dev. and Bat. Rep. 363 ;
 
 Copeland v. Sauls,
 
 1 Jones’ Rep. 70. The defendant in the present case, having made no attempt to show a better title in himself derived from a third person, the question arises, which party has obtained the preferable title from Kilby Register, the person under whom both claim ?
 

 And this brings us to the second ground of the defense, to wit: that the deed of Kilby Register to Niram Skipper, under which he derives his title, conveyed a fee simple and not a more life-estate, as contended for by the lessors.
 

 In no part of the deed in question is there any limitation to the heirs of Niram Skipper, though the title of the land is warranted to him and his heirs. That a life-estate contained in the
 
 premises
 
 and
 
 habendum
 
 of a deed cannot be enlarged into a fee, either by a warranty or covenant for quiet enjoy
 
 *315
 
 ment in fee, is abundantly shown by adjudicated cases.
 
 Roberts
 
 v. Forsythe, 3 Dev. Rep. 26;
 
 Snell
 
 v.
 
 Young,
 
 3 Ire. Rep. 379. This rule, standing upon principle as well as authority, is not at all impugned by the cases cited for the defendant, of
 
 Armfield
 
 v. Walker, 5 Ire. 580, and
 
 Cobb
 
 v. Hines, Busb. Rep. 343.
 

 The only remaining objection is that the lessors of the plaintiff, as the heirs-at-law of Kilby Register, are rebutted from claiming the land, by the warranty of their ancos tor. This .objection is met by the decisive answer, that the warranty ceases when the estate to which it is annexed determines.
 
 Seymores
 
 case, 10 Coke’s Rep. 96, 97;
 
 Lewis
 
 v.
 
 Cook,
 
 13 Ire. 193. Upon the death of Niram Skipper his estate in the land was determined, and the heirs of the grantor were no longer rebutted from setting up their claim. There is no error in the judgment of the Superior Court,
 

 Pee Curiam.
 

 Judgment affirmed.