Battle, J.
 

 The lessors of the plaintiff have not attempted to show any title in themselves, but seek to recover, upon the ground that the defendant is estopped to deny their title.
 
 *74
 
 Admitting that to be so, still there must be a question, what is the extent of the title which is thus admitted ? Abner Cherry, the ancestor of the lessors, never had actual possession of the lot in question, and there is not the slightest evidence that he ever claimed a greater interest than the life-estate which he conveyed to Joseph Biggs, under whom the defendant claims, by a conveyance in fee to her father. To the extent of that life-estate, the defendant is estopped to deny that Abner Cherry had the title; but before she can be prevented from showing that he had no estate in the fee, the lessors must prove that he had, or at least, claimed to have, such an estate. In
 
 Murphy
 
 v. Barnett, 1 Car. Law Repos. 100, (which was the first case in our courts where the rule was laid down, that where two parties claim under the same person, neither can deny the title of him under whom they both claim,) Thomas Barnett, the common source of both titles, claimed under a deed, which purported to convey the land to him in fee. The title thus derived, the defendant sought to impeach, but was prevented from doing so by the application of the rule above stated. So, in the case of
 
 Ives
 
 v.
 
 Sawyer, 4
 
 Dev. and Bat. Rep. 51;
 
 Gilliam
 
 v.
 
 Bird,
 
 8 Ire. Rep. 228 ;
 
 Love
 
 v.
 
 Gates,
 
 4 Dev. and Bat. Rep. 363 ;
 
 Johnson
 
 v.
 
 Watts,
 
 1 Jones’ Rep. 228, and all the other cases on this subject, it will be found that it was admitted, or proved, that the person, under whom both parties derived title, was in possession, claiming the land in fee, or had a deed purporting to convey it to him in fee. In all these cases, the lessor of the plaintiff was held not to be bound to show a grant from the State, nor to prove that the title set up by the person under whom both parties claimed, was a good one. The rule in question was adopted as one, provided in justice and convenience, to prevent the necessity of such proof, and thereby to prevent the general rule, that in ejectment the plaintiff must recover upon the strength of his lessor’s title, from operating harshly, and in many cases, unjustly. The very recent case of
 
 Register
 
 v.
 
 Rowell,
 
 3 Jones’ Rep. 312, may seem to be opposed to this, as it is not expressly stated in the report, that Kilby
 
 *75
 
 Register, the common source of both titles, was either in possession, claiming the fee, or had a deed purporting to convey it to him; but it will be seen, from the objections made by the defendant to the plaintiff’s recovery, that such was assumed to be the fact. And at all events, if it were not so, the objection was not taken by the defendant, and the attention of the Court was not called to it.
 

 The counsel for the plaintiff, relies strongly upon an expression used by the Court, in
 
 Johnson
 
 v. Watts, aboved cited, where the title to the lot, now in controversy, was claimed by the present defendant as plaintiff against Watts, who was then the tenant in possession. It was said in that case, that
 
 “
 
 unless the defendant can show that he has in himself the outstanding title of Cherry’s heirs, tire lessor of the plaintiff must recoverand for the want of such proof the lessor.of the plaintiff did recover. That expression was manifestly used upon the supposition that it could be proved that Cherry’s heirs had the outstanding title in fee. So, we say now, that so far as the rule upon which we are now commenting is concerned, (and if there be no other obstacle in their way,) they might recover in the present action, if they had shown that Abner Cherry, their ancestor, had ever been in the actual possession of the lot, claiming it in fee, or had a deed from any person purporting to convey it to him in fee. But the testimony shows affirmatively that he never was in the occupancy of the lot, and there is not the slightest evidence that he ever claimed a larger estate in it than what he conveyed to Joseph Biggs. Upon this ground alone, then, without noticing any other, we must direct the judgment for the plaintiff to be reversed, and a judgment of nonsuit to be entered according to the agreement of the parties.
 

 Per Curiam, Judgment reversed, and judgment of nonsuit.