J. L. RAY v. JAMES W. GARDNER and WILLIAM GARDNER.

*Estoppel—Paramount Title.*

1. In an action to recover land it is a general rule of law, where both parties claim under the same person they are estopped to deny his title. But it is competent for the defendant to show a paramount title in himself or in some other person with whom he can connect himself

2. Estoppels must be mutual and bind only parties and privies. One who is not bound by an estoppel cannot take advantage of it. (The rule in *Griffin* v. *Richardson*, 11 Ired., 439, approved).

(*Newlin* v. *Osborne*, 2 Jones, 163; *Love* v. *Gates*, 4 Dev. & Bat., 363; *Copeland* v. *Sauls*, 1 Jones, 70; *Caldwell* v. *Neely*, 81 N. C., 114; *Griffin* v. *Richardson*, 11 Ired., 329, cited and approved.)

CIVIL ACTION to recover Possession of Land, tried at Fall Term, 1879, of YANCEY Superior Court, before *Schenck, J.*

The complaint alleges that the plaintiff was seized in fee of the land in dispute, that he was entitled to the possession, and that the defendants unlawfully withhold the possession from him. The answer denies the allegations of the complaint. The case was submitted to a jury who found all the issues in favor of the plaintiff. Judgment, appeal by defendants.

*Mr. J. L. Henry*, for plaintiff.
*Mr. J. M. Gudger*, for defendants.

ASHE, J. The plaintiff in support of his title offered in

evidence a deed in trust, dated the 30th of August, 1866, for the land in controversy, from J. B. Gardner to N. M. Wilson, and a deed from Wilson to himself. He then offered in evidence, as an estoppel to the defendants, a deed from William Gardner, administrator of J. B. Gardner, to James W. Gardner, dated the 31st of August, 1875, made in pursuance of a regular order of court to sell the land for the purpose of making assets, on a petition filed by the said administrator, in which the land is described as belonging to the late J. B. Gardner. Proof was also made that William Gardner at the time of the commencement of this action was living with his family on the land, and James W. Gardner, who was his son and unmarried, lived with him.

The defendants then proposed to introduce as evidence in defence, a grant from the state to John Gray Blount, covering the land in dispute, and a regular chain of title from him to William Gardner. The court excluded the evidence on the ground of an estoppel upon the defendants.

Did His Honor commit error in refusing to receive this evidence? Admitting, as contended for by the plaintiff, that both he and the defendants claim title to the land from the same person and are all estopped to deny title to the land in him from whom they claim, still it was competent for the defendants to show a better title in themselves or in some other person with whom they can connect themselves, as by showing that they held possession from him or under him. *Newlin* v. *Osborne*, 2 Jones, 163; *Love* v. *Gates*, 4 Dev. & Bat., 363; *Copeland* v. *Sauls*, 1 Jones, 70; *Caldwell* v. *Neely*, 81 N. C., 114.

According to these authorities, although the defendants might claim from J. B. Gardner and would be estopped to deny his title, yet it was competent for them to show a grant from the state to Blount, and an unbroken succession of mesne conveyances from him to William Gardner, and that is what they proposed to do. And if upon the introduction

of such testimony it should be made to appear that William Gardner had the paramount title, the plaintiff could not recover against him.

William Gardner, however, did not claim any title to the land from J. B. Gardner, and is therefore not estopped to deny his title; nor is he so estopped by anything stated in his petition for the sale of the land or his deed to James W. Gardner, so as to help the title of the plaintiff; for the plaintiff being neither party nor privy to the petition or deed, he cannot take any advantage of any estoppel that may rest upon William Gardner by reason of his having been a party to them. " Estoppels must be mutual and bind only parties and privies. One who is not bound by an estoppel cannot take advantage of it." *Griffin* v. *Richardson*, 11 Ired., 439. William Gardner, if sued by James W. Gardner or any one claiming under him for the land, would be estopped to deny his title, because they were both parties to the proceeding and the deed.

Having disposed of the case as to William Gardner, we will now see how the exclusion of the evidence may affect the other defendant, James W. Gardner. He does claim under J. B. Gardner and is estopped to deny his title. But if His Honor had received the evidence of title offered to be introduced by the defendants, and it had established a better title than that of the plaintiff or J. B. Gardner, in William Gardner, and James W. Gardner had proved that he was in possession of the land under William Gardner, then the plaintiff's recovery might have been defeated as to him.

We are of opinion the evidence was not only competent but very important to the defence, and that there was error in excluding it. Let this be certified to the superior court of Yancey county, that a *venire de novo* may be awarded the defendants.

Error.                           *Venire de novo.*