Y. B. HOWELL AND B. S. HOWELL v. N. M. SHAW ET AL.

(Filed 10 May, 1922.)

**1. Actions—Ejectment—Common Source of Title—Estoppel.**

The plaintiff in ejectment may establish his title to the lands in dispute by connecting the defendant with a common source and showing a better title in himself, the rule thus applying not being strictly an estoppel, but a rule of justice and convenience adopted by the courts to relieve the plaintiff from the necessity of going behind the common source in order to maintain his action.

**2. Same—Limitation of Actions—Adverse Possession—Evidence—Estates —Nonsuit—Trials.**

In an action of trespass and damages for the unlawful cutting and removing of timber upon the plaintiff's lands, there was evidence of plaintiff's and defendant's chain of title from a common source, and that one

of the deeds under which the defendant claims was only of a life estate, but that through inadvertence or mutual mistake this should have conveyed the fee. The defendant was in possession and claimed title by adverse possession under color of this deed: *Held*, the defendant's motion as of nonsuit under the conflicting evidence was improperly allowed upon the principle that if a life estate were outstanding, his possession, during its continuance, would not be adverse to the plaintiff; and the action should be retained under the provisions of C. S., 889: *Held further*, that while the evidence in this case as to location of the land was meager it is sufficient.

APPEAL by plaintiffs from *McElroy, J.,* at September Term, 1921, of MONTGOMERY.

Plaintiff alleged that they were the owners and entitled to the possession of a tract of land in Ophir Township; that the defendants had trespassed thereon, and had cut and, unless restrained, would continue to cut valuable timber, and that they unlawfully withheld possession from the plaintiffs. An answer and a replication were filed. At the close of the plaintiff's evidence his Honor granted the defendant's motion to dismiss as in case of nonsuit. Judgment; appeal by plaintiffs.

*Bob V. Howell and J. A. Spence for plaintiffs.*
*R. T. Poole for defendants.*

ADAMS, J. One of the recognized methods by which the title to real property may be established in ejectment is that of connecting the defendant with the common source and showing a better title in the plaintiff. *Love v. Gates,* 20 N. C., 498; *Whissenhunt v. Jones,* 78 N. C., 361; *Spivey v. Jones,* 82 N. C., 179; *Mobley v. Griffin,* 104 N. C., 115. Failing to show a connected chain of title, the plaintiffs introduced evidence tending to prove that all parties derived their title from E. J. Strider. They offered in evidence the following muniments of title to the land in controversy:

1. A release or quitclaim from the heirs at law of E. J. Strider to Hildebrand Hulin and Y. B. Howell, dated 20 June, 1919, purporting to convey the fee.

2. A release from Hildebrand Hulin to B. S. Howell, dated 30 June, 1919, purporting to convey the fee.

3. A paper-writing which plaintiffs contend is a deed from E. J. Strider and his wife to P. D. Luther, dated 12 February, 1876, and which they contend conveys only a life estate.

4. A deed from Luther and his wife to the defendants, dated 5 August, 1919, purporting to convey the fee.

There was evidence tending to show that the instrument under which Luther claimed had been mutilated, but in their answer the defendants

HOWELL *v.* SHAW.

allege that it was the intention of the grantors to convey a fee, and that the words of inheritance were omitted through ignorance, inadvertence, or mutual mistake.

The grounds upon which his Honor based the nonsuit are not stated in the record. But the attorney for the defendants argued here (1) that the plaintiffs failed to locate the land; (2) the evidence for the plaintiffs showed adverse possession, which barred their recovery; and (3) that the written instrument by which Luther acquired his title was not sufficient to connect the defendants with the common source.

The paper-writing last referred to was admitted in evidence without objection, and Luther testified to its execution and subsequent mutilation. These circumstances, considered in connection with the defendants' allegation that they are in possession and claim title under this particular instrument, relieves any perplexity otherwise incident to their legal proposition. The rule which applies to the admission of this evidence is not strictly an estoppel; it is a rule of justice and convenience adopted by the courts to relieve the plaintiff from the necessity of going behind the common source. *Frey v. Ramsour,* 66 N. C., 466; *McCoy v. Lumber Co.,* 149 N. C., 1. This deed apparently conveys only a life estate, and the defendants derived from Luther only such title as he had. If a life estate is outstanding, possession during its continuance would not be adverse to the plaintiffs, because they cannot recover possession against the life tenant. It is true that the evidence as to the location of the land was meager, but the description in the complaint, and in each of the deeds, is practically identical.

While the plaintiffs, as the record now appears, are not entitled to recover the land, they are entitled to have the action retained for the purpose of adjudicating the controversy affecting the alleged unlawful destruction of the timber. C. S., 889.

The paper-writing purporting to be the deed to Luther has not been registered. We suggest that the merits of the controversy may the more readily be determined by incorporating in the complaint by way of amendment an allegation as to the execution and delivery of the Luther deed and as to the estate therein conveyed, if it is not meanwhile registered, with such amendment of the answer as the defendants may desire.

The judgment of nonsuit is set aside and the cause remanded for further proceedings.

Reversed.