Civil action to recover mineral interest in land, and remove cloud upon title. C. S., 1743.
Plaintiff, a resident of Macon County, alleges in her complaint, among other things, (1) that she is "the owner in fee simple in law and in equity of the minerals, metals, ores and mining privileges in, under and upon" a certain tract of land "in Ellijay Township, Macon County, North Carolina," specifically described, containing 136 acres more or less, "being the property known as the B. E. Hamlin property in said Ellijay Township, Macon County, North Carolina"; (2) that defendants wrongfully and unlawfully assert and claim an estate or interest or right of title in and to said minerals, metals, ores, and mining privileges in said land adverse to plaintiff, which plaintiff is entitled to have removed as cloud upon her title to same; and (3) that defendant, Francis C. Cary, a resident of Virginia, has wrongfully and unlawfully entered upon said land without regard to the rights of plaintiff and is digging, mining, raising and removing therefrom valuable minerals in large quantities, thereby irreparably damaging plaintiff.
Defendants Francis C. Cary and wife, Gladys May Cary, erroneously named in complaint, Betty Cary, in their answer deny the title of plaintiff in and to the mineral, metals, ores and mining privileges described in complaint, and assert title in themselves, and plead adverse possession for 7 years under color of title, and for 20 years in bar of any claim of plaintiff, and, further, while admitting that they are digging, mining and removing certain minerals from said land, they assert a right to do so.
Defendants Ellis C. Soper and wife, Larry Soper, in their answer deny the ownership of plaintiff as alleged, but aver that she is the owner in fee of an undivided one-sixth interest in the minerals, metals, ores and mining privileges in and to the land described in her complaint, and that they, themselves, own in fee simple the remaining five-sixths interest therein. Said defendants further admit the allegation of plaintiff with regard to wrongful claim of and trespass by defendants Francis C. Cary and wife.
In the trial court plaintiff offered in evidence record of the following muniments of title: *Page 217 
1. Five certain State grants to David P. Ammons, each dated 7 September, 1883, and registered in office of register of deeds of Macon County, N.C. 8 October, 1883.
2. Deed from David P. Ammons to Byron E. Hamlin, dated 14 September, 1891, and registered 21 September, 1891.
3. A tax deed from T. B. Higdon, sheriff of Macon County, to W. H. Haskett, dated 1 June, 1903, registered 8 June, 1903, together with affidavit of W. H. Haskett as purchaser, purporting to have been executed pursuant to sale of real estate as property of B. E. Hamlin for nonpayment of taxes for the year 1901. Defendants Cary objected to the introduction of this deed for that the affidavit does not comply with the requirements of law for affidavits in support of tax titles effective at date this deed purports to have been executed and the rights accrued. "Overruled for the present." Exception by defendants.
4. Will of W. H. Haskett, dated 27 February, 1893, admitted to probate 1 April, 1908, in which he devised, and bequeathed, all his property, real, personal and mixed, other than certain items of cash, absolutely and in fee simple to his wife, Nancy Jane Haskett.
5. Deed from N.J. Haskett to Andy Haskett, dated 9 October, 1908, registered 15 June, 1936, "for two-thirds of the mineral interest in a certain tract of land in Macon County, N.C. . . . known as the B. E. Hamlin property and conveyed to W. H. Haskett by sale of taxes," and referring to deed from T. B. Higdon, sheriff.
6. Deed from N.J. Haskett to A. C. Haskett, dated 7 August, 1908, registered 15 August, 1908, "for a one-third interest in a tract of land situated in Ellijay Township, known as the Hamlin lands," and refers to the sheriff's deed.
7. Deed from A. C. Haskett and wife to J. T. Berry, dated 8 August, 1908, registered 15 August, 1908, for "an undivided sixth interest in a tract of land situated in Ellijay Township, known as Hamlin property, and fully described in a deed from T. B. Higdon, sheriff, to W. H. Haskett," dated and registered as above indicated, "to which reference is hereby made."
8. Deed from Andy Haskett and wife to J. T. Berry dated 15 December, 1925, registered 24 December, 1925, in which the description following the granting clause reads: "A certain tract or parcel of land in Macon County, State of North Carolina, adjoining the lands of J. M. Bryson heirs and others bounded as follows"; then follows specific description of three tracts; and then, after "excepting from the above" certain mineral interest, these words appear: "We hereby convey all our mineral interest in the hereinafter described lands: . . . also the tract on Indian Camp Branch known as the Hamlin tract." *Page 218 
9. Proceeding in Superior Court of Macon County, N.C. before Sam L. Rogers, clerk, entitled "J. T. Berry v. Lola K. Corbin and Annie A. Corbin," in which J. T. Berry, in verified petition filed 31 May, 1893, sets forth as follows: "That Lola K. Corbin, one of the above named defendants, is a minor child now of the age 20 years and 7 months, May 5, 1893. That Annie A. Corbin, the other defendant above named, is now the age 11 years and 8 days, May 23, 1893. That the defendants above named are without a mother living, their mother Modenia Corbin died October 27, 1885. That John T. Berry, the petitioner above named, is their reputed father; that the defendants are without guardian and are now and have been for three years past living and making their home with your petitioner, John T. Berry.
"That the defendants above named have personal estate worth about $100.00, consisting of one mare and colt, two head of cattle, ten sheep. That they have an interest only in the real estate inherited through their mother Modenia Corbin from the estate of John Corbin, deceased, valued at about $50.00." Upon these allegations he prays "that the relation of John T. Berry, the petitioner herein, and the said Lola K. Corbin and Annie A. Corbin may be that of parent and children and that an order be made forthwith establishing the relation of parent and child during the life of such children with all the duties, powers and rights belonging to the relationship of parent and children, and that said children herein named be hereafter known and changed from Lola K. Corbin and Annie A. Corbin to Lola K. Berry and Annie A. Berry"; also the order of Sam L. Rogers, clerk, entered upon the petition on 31 May, 1893, in which, after finding "that Lola K and Annie A. Corbin are minors without parents living and without guardian and that John T. Berry provided them a home . . . and is the proper person to have custody of them," it is adjudged, "that letters of adoption be, and the same are hereby granted to the said John T. Berry, petitioner, to the effect forthwith to establish the relation of parent and child between the petitioner John T. Berry and Lola K. Corbin and Annie A. Corbin, the defendants, for the life of such children, who hereafter by authority of this decree shall be known and called by the names Lola K. Berry and Annie A. Berry and the relationship of parent and child are hereby established with the duties, powers and rights belonging thereto in the same manner and to the same extent such children would have been entitled to if such children had been actual children of the said John T. Berry, the petitioner."
10. Deed from Annie Berry Moore and husband, J. L. Moore, to plaintiff, dated 18 May, 1935, registered 25 May, 1935, for all the right, title and interest of Annie Berry Moore as child of J. T. Berry. *Page 219 
Plaintiff further offered evidence tending to show that Nancy Jane Haskett and N.J. Haskett were one and the same person; also that Andy Haskett and A. C. Haskett were one and the same — and that in 1934 John T. Berry died intestate, survived by plaintiff and Annie Berry Moore, nee Annie Berry, to whom said adoption proceedings relate.
Plaintiff, then, for the purpose of showing that she and defendants Cary claim under a common source of title, and that deed under which said defendants claim is subsequent in date and registration to that of plaintiff, offered in evidence record of deed from Andy Haskett and wife to Francis C. Cary, dated 13 June, 1938, registered 14 June, 1938, for all the mineral interest and mining privileges in certain tract of land described in certain deed from Andy Haskett and wife to Ellis C. Soper, dated 22 May, 1937, registered 27 August, 1937, and "known also as the B. E. Hamlin land . . . consisting of 135 acres in the Ellijay watershed," which latter deed, is said in the former deed, to be void because of certain defaults of grantee there described by reference.
Plaintiff, further, for the purpose of showing that she and defendants Soper claim under a common source of title, and that deed under which said defendants claim is subsequent in date and registration to that of plaintiff offered in evidence record of deed from Andy Haskett and wife to Ellis C. Soper, dated and registered as set forth in preceding paragraph, for all of the mineral interest together with mining privileges in a certain tract of land specifically described containing 99 acres, more or less, "and being known as the old B. E. Hamlin tract."
Further, plaintiff, for purpose of showing severance of surface from the mineral, offered in evidence records of certain other deeds covering the land in question.
Defendants admitted in open court that the grants and the deeds from David P. Ammons to Byron E. Hamlin, from T. B. Higdon, sheriff, to W. H. Haskett, and from A. C. Haskett and wife to J. T. Berry, dated 8 August, 1908, hereinabove numbered 7, offered in evidence, cover the land described in the complaint. "But it is not admitted that any deed depending for description on the following or like words `and also the tract of land on Indian Camp Branch, known as the Hamlin tract' include or cover the lands in controversy."
The testimony of J. H. Stockton, an attorney, as witness for plaintiff, tends to show that an examination of the deed records of Macon County as to conveyances of Hamlin tracts to A. C. Haskett discloses that the property described in the deed from T. B. Higdon, sheriff, to W. H. Haskett, "sold for taxes of Hamlin," is the only record that "conveyed any Hamlin property to W. H. Haskett in Macon County," and that the only deed to A. C. Haskett was "this one for the Hamlin tract . . . the same land plaintiff introduced in the chain of title from Hasketts to *Page 220 
John T. Berry," who "got all of that property from A. C. Haskett." He further testifies, "That deed from Hasketts to Berry calls for the Hamlin tract on Indian Camp Branch, in the deed from Andy Haskett, . . . calls for the Hamlin tract on Indian Camp Branch. That is the J. T. Berry property."
The court surveyor, James M. Denman, as witness for plaintiff, also testified: "I made a search of the index for a deed into A. C. Haskett; I found just one . . . that is on the cross-index of deeds." This witness further testified that, ". . . about two acres of the 136 acres called for in that deed lies on the watershed of Indian Camp Branch."
Plaintiff, as witness for herself, testified in part: "My mother was Modenia Corbin. I am 67 years old, and remember when my mother died. I was 13 years old. I had a sister named Annie Lee . . . four years old at the death of my mother . . . I knew J. T. Berry. His full name was John Terrell Berry. He was reputed to be my father. After my mother died we lived with Grandfather and Grandmother Corbin. I remember about the time the adoption proceeding read in evidence was had. I was 20 years old and was living with Grandmother and Grandpa Berry. Father moved us over there and we stayed a year or two. When I speak of father, I mean J. T. Berry."
From judgment as of nonsuit entered at the close of plaintiff's evidence, plaintiff appeals to Supreme Court and assigns error.
The pivotal question presented on this appeal is whether the evidence, when considered in the light most favorable to plaintiff, is sufficient to take the case to the jury. We think so.
While the record does not indicate the respects in which the court below deemed the evidence to be insufficient, counsel for the plaintiff and for defendants Cary in their briefs and in oral argument in this Court debate three questions:
(1) The evidence tending to show that both plaintiff and defendants claim under A. C. Haskett, and that deeds from him under which plaintiff claims are older in date and in point of registration than those under which defendants claim, are defendants precluded from denying the title of A. C. Haskett, if it be conceded that evidence offered by plaintiff tends to show a void deed — that from Higdon, sheriff, to W. H. Haskett — in the chain of title under which the evidence also tends to show A. C. Haskett derived title? *Page 221 
(2) Is the description set out in the deed from Andy Haskett and wife to J. T. Berry, dated 15 December, 1925, as stated in paragraph 8 of foregoing statement of case, sufficiently definite to admit of parol proof to identify the land?
(3) Do the proceedings by which John T. Berry undertook to adopt the plaintiff and her sister, Annie, constitute a valid adoption?
We are of opinion, and hold, that each question is properly answerable in the affirmative.
(1) While in an action to recover land the general rule is that plaintiff must rely upon the strength of his own title, and not upon the weakness of that of defendant, Love v. Gates, 20 N.C. 498; Newlin v.Osborne, 47 N.C. 164; Spivey v. Jones, 82 N.C. 179; Keen v. Parker,217 N.C. 378, 8 S.E.2d 209, there is in this State a well settled exception to this rule. It is that whenever in an action to recover land "both parties claim title under the same person, neither of them can deny his right, and then, as between them, the elder is the better title and must prevail," as aptly stated by Battle, J., in Gilliam v. Bird,30 N.C. 280. This exception has been so often applied that it was termed an "inflexible rule" as early as the decisions in Gilliam v. Bird, supra, and in Christenbury v. King, 85 N.C. 230. The following are some of the cases in which it has been treated: Murphy v. Barnett (1813), 6 N.C. 251; 1 Carolina Law Repository, 105 — (4 N.C. 14); Ives v. Sawyer, 20 N.C. 179;Love v. Gates, supra; Gilliam v. Bird, supra; Johnson v. Watts,46 N.C. 228; Feimster v. McRorie, 46 N.C. 548; Newlin v. Osborne, supra;Register v. Rowell, 48 N.C. 312; Taylor v. Gooch, 48 N.C. 467;Whissenhunt v. Jones, 78 N.C. 361; Caldwell v. Neely, 81 N.C. 114;Christenbury v. King, supra; Ryan v. Martin, 91 N.C. 464; Ferebee v.Hinton, 102 N.C. 99, 8 S.E. 922; Bonds v. Smith, 106 N.C. 553,11 S.E. 322; Collins v. Swanson, 121 N.C. 67, 28 S.E. 65; Campbell v.Everhart, 139 N.C. 503, 52 S.E. 201; Steadman v. Steadman, 143 N.C. 345,55 S.E. 784; Warren v. Williford, 148 N.C. 474, 62 S.E. 697;McCoy v. Lumber Co., 149 N.C. 1, 62 S.E. 699; Sample v. Lumber Co.,150 N.C. 161, 63 S.E. 731; Bryan v. Hodges, 151 N.C. 413, 66 S.E. 345;Foy v. Lumber Co., 152 N.C. 595, 68 S.E. 6; Bowen v. Perkins, 154 N.C. 449,70 S.E. 843; Person v. Roberts, 159 N.C. 168, 74 S.E. 322;Power Co. v. Taylor, 196 N.C. 55, 144 S.E. 545; Biggs v. Oxendine,207 N.C. 601, 178 S.E. 216; Vance v. Pritchard, 213 N.C. 552,197 S.E. 182; Keen v. Parker, supra. See, also, Anno. 7 A.L.R., 860.
When, however, the defendant can show that the true title is in a third person, paramount to that of the common source under whom the plaintiff and defendant both claim, and that the defendant has acquired this paramount title, he is not precluded from showing this fact. This is *Page 222 
termed an exception to the above exception to the general rule. See Love v.Gates, supra; Copeland v. Sauls, 46 N.C. 70; Johnson v. Watts, supra;Thomas v. Kelly, 46 N.C. 375; Feimster v. McRorie, supra; Newlin v.Osborne, supra; Whissenhunt v. Jones, supra; Caldwell v. Neely, supra; Rayv. Gardner, 82 N.C. 146; Spivey v. Jones, supra; Christenbury v. King,supra; Ryan v. Martin, supra; Bonds v. Smith, supra; Warren v. Williford,supra; Sample v. Lumber Co., supra; Bowen v. Perkins, supra; Van Gilder v.Bullen, 159 N.C. 291, 74 S.E. 1059.
On the other hand, while defendant can defend by showing that he has a better title in himself than that of the plaintiff, derived from the person from whom they both claim or from some other person who had such better title, he is not at liberty to show a better title outstanding in a third person. Love v. Gates, supra; Newlin v. Osborne, supra; Thomas v. Kelly,supra; Register v. Rowell, supra; Whissenhunt v. Jones, supra; Caldwell v.Neely, supra; Ray v. Gardner, supra.
But counsel for defendants, in brief filed here, contend that there is confusion in the decisions regarding the common source rule — one line calling it an estoppel, while another describes it as a "rule of convenience." A perusal of the decisions, however, fails to reveal material difference in the principle.
While in many of the decisions on the subject the words "estopped" and "estoppel" are found, they are merely short terms of the principle as enunciated by Battle, J., speaking for the Court in Johnson v. Watts,supra, in this manner: "The defendant, in a case like the present, can defend himself only by showing that he has a better title in himself than that of the plaintiff's lessor, derived either from the person from whom they both claim, or from some other person who had a better title."
Furthermore, it is seen that the decisions are in accord in holding that the rule is not a case strictly of estoppel. Johnson v. Watts, supra;Thomas v. Kelly, supra; Feimster v. McRorie, supra; Newlin v. Osborne,supra; Christenbury v. King, supra; Ryan v. Martin, supra; McCoy v. LumberCo., supra; Bryan v. Hodges, supra; Van Gilder v. Bullen, supra; Howell v.Shaw, 183, N.C. 460, 112 S.E. 38.
And whether the rule be referred to as (1) "one founded on convenience," as in Johnson v. Watts, supra; Thomas v. Kelly, supra; Feimster v. McRorie,supra; Register v. Rowell, supra, Worsley v. Johnson, 50 N.C. 72; andRyan v. Martin, supra; or (2) "one provided in justice and convenience," as in Christenbury v. King, supra; or (3) "adopted originally for convenience," as in Bonds v. Smith, supra; or (4) "a rule established for the convenience of the parties in actions of this character," as in McCoyv. Lumber Co., supra; or (5) "a rule of practice which has become a rule of law adopted by the courts," as in Newlin v. Osborne, supra; or (6) "well settled rule of practice, sometimes called estoppel on *Page 223 
defendant to deny the title of the common source," as in Warren v.Williford, supra; or (7) "a mere rule of practice and convenience," as inBryan v. Hodges, supra, and Howell v. Shaw, supra; or (8) that "it is in the nature and had the practical force and effect of an estoppel," as inRyan v. Martin, supra; or (9) "a well settled rule of evidence founded on justice and convenience," as in Bowen v. Perkins, supra, there is unanimity in all the decisions as to the just and practical purpose, and inflexible effect of the rule.
It is observed that in the case of Newlin v. Osborne, supra, the Court, through Pearson, J., after affirming the rule that in ejectment (now an action to recover land) plaintiff must recover upon the strength of his own title, approves the exception and states its purpose with the explanation that it "is a rule of practice which has become a rule of law adopted by the courts for the purpose of aiding the administration of justice in dispensing with the necessity of requiring the plaintiff to prove the original grant and mesne conveyances (which in many cases it was out of his power to do) upon proof that the defendant claimed under the same person."
Again, in Ryan v. Martin, supra, Merrimon, J., expressed similar thought in this manner: "The conclusion thus established between the parties is not strictly and technically an estoppel, but it is in the nature of and has the practical force of an estoppel. This rule is founded in justice and convenience and its purpose is to prevent the necessity on the part of the plaintiff in cases like this, of proving title out of the state and a good title in the person under whom he claims, when the opposing party claims the same property under the same person. If the defendant has the same source of title as the plaintiff, and no other, wherefore need the plaintiff go beyond that as to the defendant? Such an inquiry would be idle."
In the present case plaintiff, without debating the question of the validity of the sheriff's deed to W. H. Haskett, under which the evidence tends to show that A. C. Haskett, whom the evidence also tends to show is a common grantor of plaintiff and of defendants, derived title, relies upon the common source rule as hereinabove outlined. On the other hand, defendants, while not controverting the rule, contend that the sheriff's deed is void, and that, having offered it in evidence, plaintiff shows by her own evidence the title to be in a third person, and that that fact appearing from her evidence, the common source rule does not apply, and, hence, plaintiff must recover, if at all, under the general rule, upon the strength of her record title, or by some other approved method of proof. The authorities, however, fail to support this contention. The cases ofMurphy v. Barnett, supra, and Feimster v. McRorie, supra, are directly in point, and are of contrary view. *Page 224 
The facts in Murphy v. Barnett, supra, are these: T. Dixon, being seized of land in question, agreed to sell it to W. Dixon, to which end he executed a power of attorney to C. Dixon, who as attorney in fact for T. Dixon, and at the request of W. Dixon, who had contracted to sell the land to Thos. Barnett, executed a deed to Thos. Barnett, who, after a judgment had been taken against him, executed a deed to his son, the defendant. Later, plaintiff purchased at sheriff's sale under fieri facias issued upon said judgment. On the trial defendant contended that "it appeared from plaintiff's own showing that the legal title to the land was in T. Dixon; for, although he had empowered C. Dixon to execute a deed to W. Dixon, he had not empowered him to execute it to Thos. Barnett; and, therefore, the power not having been executed, the title remained in T. Dixon." The court below ruled that, "situated as defendant was, he could not be permitted to insist that Thos. Barnett had not title, for it appeared in evidence that he himself had accepted a deed for the land from Thos. Barnett, and had entered and claimed title under the deed; that, therefore, he was estopped from denying the title in Thos. Barnett."
This Court, speaking through Taylor, C. J., said: "We think the decision of this case rests upon a plain principle of law; and that as both parties claim directly from Thos. Barnett, they are privies in estate and it is not competent for either, as such, to deny his title. The defendant has accepted a deed from him, which admits the title and estops him from denying it afterwards."
In Feimster v. McRorie, supra, Battle, J., states: "We understand the defendant's counsel to admit the general rule, that when parties in an action of ejectment claim under the same person, neither can deny the title of him under whom they both claim. But they contend that the rule . . . does not apply where the plaintiff's lessor shows himself that the title is in a third person." And, continuing, "The . . . objection . . . is unsustained by principle and opposed by authority. In Murphy v. Barnett,6 N.C. 251 (S.C., 4 N.C. 14), which is the first reported case in which the doctrine was judicially settled, this very objection was raised and overruled."
(2) The decisions of this Court generally recognize the principle that a deed conveying land within the meaning of the statute of frauds must contain a description of the land, the subject matter of the deed, either certain in itself or capable of being reduced to certainly by reference to something extrinsic to which the deed refers. But where the language used is patently ambiguous, parol evidence is not admissible to aid the description. Yet, when the terms used in the deed leave it uncertain what property is intended to be embraced in it, parol evidence is admissible to fit the description to the land. Such evidence cannot, however, be used to enlarge the scope of the descriptive words. The deed itself must point to the source from which evidence aliunde to make the description *Page 225 
complete is to be sought. Self Help Corp. v. Brinkley, 215 N.C. 615,2 S.E.2d 889. See, also, Craven County v. Parker, 194 N.C. 561,140 S.E. 155; Comrs. of Beaufort v. Rowland, ante, 24, 16 S.E.2d 401. Compare with Johnston County v. Stewart, 217 N.C. 334, 7 S.E.2d 708.
Descriptions such as these have been held to be sufficiently definite to admit of parol proof to identify the land: "3 tracts of land, the home place, the Lynn place, and the Leonard Greeson place, containing 400 acres, be the same more or less," Smith v. Low, 24 N.C. 457; "my house and lot in the town of Jefferson, N.C." Carson v. Ray, 52 N.C. 609; "her house and lot north of Kinston," Phillips v. Hooker, 62 N.C. 193; "a tract of land in said County of Guilford on the waters of `Stinking Quarter,' adjoining the lands ......... of which Brown died seized and possessed,"Brown v. Coble, 76 N.C. 391; "One tract of 193 acres, more or less, it being the interest in two shares adjoining the lands of James Barnes, Eli Robbins, and others," Farmer v. Batts, 83 N.C. 387; "my interest in the Lenoir lands owned by myself and J. W. Transean," Thornburg v. Masten,88 N.C. 293; and "one-half the remainder of my farm, including the home whereon I now live," Bell v. Couch, 132 N.C. 346, 43 S.E. 911; "home place," Lewis v. Murray, 177 N.C. 17, 97 S.E. 750; "my farm," Sessomsv. Bazemore, 180 N.C. 102, 104 S.E. 70. See, also, Euliss v. McAdams,108 N.C. 507, 13 S.E. 162, the first headnote of which epitomizes the decision in this manner: "Designating land by the name it is called is a sufficient description to enable its location to be determined by parol proof." See Perry v. Scott, 109 N.C. 374, 14 S.E. 294; Hinton v. Moore,139 N.C. 44, 51 S.E. 787; Bateman v. Hopkins, 157 N.C. 470,73 S.E. 133; Gaylord v. McCoy, 158 N.C. 325, 74 S.E. 321; Norton v. Smith,179 N.C. 553, 103 S.E. 14.
Under these principles and following these precedents, the description in the present case is sufficiently definite to admit of parol proof. The descriptive words may be fairly interpreted as meaning a tract of land in Macon County on Indian Camp Branch in which the grantors owned mineral interest and known as the Hamlin tract. Further, in this connection the parol evidence admitted is sufficient to take the case to the jury on this question.
(3) The record of the adoption proceeding by which, on petition of J. T. Berry filed 31 May, 1893, letters of adoption for plaintiff and her sister, Annie, were granted to J. T. Berry, appears to be in conformity with the provisions of the statute then in effect relating to adoption of minor children. Code 1883, chapter 1, as amended by Laws of 1885, chapter 390. The oral testimony of plaintiff does not appear to be in conflict with the facts set forth in the petition and found by the court.
The judgment of nonsuit is
Reversed. *Page 226